**GOODLOE v. UNITED STATES.**

**No. 10696.**

United States Court of Appeals
District of Columbia Circuit

Argued Nov. 29, 1950.

Decided Dec. 14, 1950.

Mr. Charles E. Ford, Washington, D. C., for appellant.

Mr. Richard M. Roberts, Asst. U. S. Atty., Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty. and Arthur J. McLaughlin and Joseph M. Howard, Asst. U. S. Attys., all of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

William A. Goodloe, the appellant, and Alice L. Galusha were indicted jointly by a grand jury in the District of Columbia. The first count of the indictment accused Goodloe alone of attempting to perform an abortion on Gloria M. Huffman. The second count charged both with conspiring to offer a bribe to Gloria to absent herself during the grand jury investigation of the abortion. The third count charged the two with the substantive crime of attempting to bribe the witness. A fourth count was dismissed. Alice L. Galusha was granted a severance.

Goodloe was tried alone on all three counts and was convicted under each. He was sentenced to imprisonment for five years on the first count and for two years on each of the other two. The sentences with respect to the second and third counts were to run concurrently after that on the first had been served. Goodloe appeals.

Among the several assignments of error is the District Court's denial of appellant's motion for a mistrial because one of the jurors took notes of the testimony at intervals throughout the trial. We have not had occasion heretofore to pass on the propriety of permitting note-taking by a juror and the question appears to have arisen only infrequently in other jurisdictions. Our view is that the matter is one

for the sound discretion of the trial court, a conclusion reached by most of the courts, both federal and state, which have considered the question. United States v. Carlisi, D.C.E.D.N.Y. 1940, 32 F.Supp. 479; Chicago & Northwestern Railway Co. v. Kelly, 8 Cir., 1936, 84 F.2d 569; United States v. Davis, C.C.W.D.Tenn. 1900, 103 F. 457, 470; see Note, 154 A.L.R. 878 (1945). It does not appear in the present case that the District Court abused its discretion in denying the motion for a mistrial because of the action of the juror in taking notes of the testimony.

■ Appellant also earnestly argues that the District Court should have directed acquittal under the third count which charged Goodloe and Alice L. Galusha with the substantive crime of attempting to bribe a government witness. The contention is that no part of this offense took place in the District of Columbia. The point is not well taken if the evidence showed that the attempt to bribe was commenced, continued or completed here, even though most of the acts relied upon to constitute the crime were committed in Baltimore. 18 U.S.C.A. § 3237.

■ The evidence in that connection tended to show Alice L. Galusha called on Miss Huffman at her home in Baltimore on April 20, 1950, and offered to pay her expenses if she would leave town and not appear against Goodloe before the grand jury in the District of Columbia; that thereafter Alice telephoned Gloria saying she was in Washington and was going to Baltimore to see her again; that on April 22 Alice appeared at the Baltimore apartment the second time and offered to buy an airplane ticket and furnish money for other expenses if Gloria would depart immediately for California. Two Baltimore police officers hidden in a closet heard the conversation and arrested Alice. She had more than $600 in currency in her possession. A subpoena to appear before the grand jury in the District of Columbia was served on Gloria M. Huffman on April 21.

Dr. James M. Pair, a Baltimore physician, testified that on April 22, 1950, appellant and a girl appeared at his office. The girl, who was the first to leave, remarked as she left "that she was going to try to persuade someone to stop whatever they (sic) were trying to do to Dr. Goodloe." Dr. Pair said that, after her departure, "there was some statement or something that he [Goodloe] said with reference to some girl in Baltimore having gone to Gallinger Hospital and made charges of an abortion against him." Pair added, " * * * the essence of it was that this young lady who came with him was going to attempt to persuade the girl not to do it." Pair also said Goodloe had telephoned him the evening before, asking if he would be in April 22, and, on receiving an affirmative answer, said, "O. K., I will be over."

Miss Huffman's version of the telephone conversation which she had on April 21 with Alice L. Galusha, when the latter was in Washington, was that there was considerable discussion concerning the final details of the proposed bribery. Moreover, Goodloe freely admitted that he drove Alice to Baltimore on the morning of April 22 so that she might call on Gloria a second time. So, the attempt to bribe Gloria, which began in Baltimore on April 20, was continued in this jurisdiction on April 21 by the telephone calls to Gloria and to Dr. Pair and was further continued here on April 22 when appellant and Alice Galusha set out for Baltimore. It was continued in Baltimore on that day until halted by the arrest of Alice.

We have noted the several other assignments of error and have given careful consideration to the record with respect to them. We observe no prejudicial error.

Affirmed.