**UNITED STATES of America**

v.

**John C. SWANN, Appellant.**

**No. 23392.**

United States Court of Appeals, District of Columbia Circuit.

Argued June 16, 1970.

Decided Feb. 17, 1971.

Mr. H. David Rosenbloom, Washington, D. C., with whom Mr. Mortimer M. Caplin, Washington, D. C. (both appointed by this Court) was on the brief, for appellant.

Mr. Gregory C. Brady, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., John A. Terry, and John F. Rudy, II, Asst. U. S. Attys., were on the brief, for appellee.

Before TAMM and ROBB, Circuit Judges, and NICHOLS*, Judge, United States Court of Claims.

ROBB, Circuit Judge:

The appellant Swann was indicted in the District of Columbia and tried and convicted there for violation of 18 U.S.C. § 1503.[1] The indictment, in two counts, alleged:

"FIRST COUNT:

"On or about July 6, 1968, within the District of Columbia, John C. Swann, on account of one Pauline Hawkins having theretofore attended and testified as a witness for the United States in a proceeding entitled United States v. John C. Swann, U.S. Commissioner's Docket No. 30–345, a matter then pending before the United States Commissioner in and for the District of Columbia (which matter is now entitled United States v. John C. Swann, Criminal Case No. 1224–68), while in the State of Maryland, did injure the person of the said Pauline Hawkins by means of a dangerous weapon, that is, a pistol.

"SECOND COUNT:

"On or about July 6, 1968, within the District of Columbia, John C. Swann, wilfully did endeavor to influence, intimidate and impede Pauline Hawkins, a witness in the case of United States v. John C. Swann, then pending before the Grand Jury in the District of Columbia, by assaulting the said Pauline Hawkins in the State of Maryland, with a dangerous weapon, that is, a pistol."

By timely motions to dismiss, for judgment of acquittal, for arrest of judgment, for judgment notwithstanding the verdict, and for a new trial, the appellant contended that venue was improperly laid in the District of Columbia. His motions were overruled by the district court. We agree with the appellant and accordingly reverse the judgment with directions to dismiss the indictment.

At trial the proof for the government was that on July 2, 1968, after a preliminary hearing before the United States Commissioner for the District of Columbia, the appellant was held for the action of the grand jury on charges of rape and assault with a dangerous weapon. The complainant, Mrs. Pauline Hawkins, testified at the hearing that Swann had raped and assaulted her. Four days later, on July 6, 1968, Swann went to the place in Maryland where Mrs. Hawkins was employed and wounded her by shooting her with a pistol. The entire episode of July 6 occurred in Maryland.[2]

* Sitting by designation pursuant to 28 U.S. C. § 293(a).

1. "Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both." 18 U.S.C. § 1503 (1964).

2. In the District of Columbia Swann was subsequently convicted of rape and assault on Mrs. Hawkins and his conviction was affirmed, without opinion by order of this court. United States v. Swann, No. 23,- 169, April 28, 1970. He was also convicted in a Maryland court of assault with intent to kill Mrs. Hawkins.

The appellant was of course entitled to be tried in the state and district where his alleged crime was committed. U.S.Const. art. III, § 2, cl. 3; U.S.Const. amend. VI; Fed.R.Crim.P. 18. He could have been indicted and tried for violation of 18 U.S.C. § 1503 in the district of Maryland, where he injured and endeavored by force to intimidate and impede a witness in a case then pending before a United States Commissioner and grand jury in the District of Columbia. It does not follow, however, that he was also subject to indictment and trial for that violation in the District of Columbia.

In her memorandum opinion overruling the appellant's motion to dismiss, the district judge reasoned:

"The act of a defendant in shooting a complaining witness in a case then pending in this jurisdiction was an act affecting the due administration of justice within the District of Columbia, and as such comes under Title 18 U.S.C. § 3237."

So far as material, 18 U.S.C. § 3237 (1964) provides as follows:

"(a) Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed."

The flaw in the theory of the district judge is that the appellant's offense was not begun in one district and completed in another, or committed in more than one district. The offense condemned by the statute and charged in the indictment was begun, carried out and completed in the State of Maryland when the appellant "did injure the person of the said Pauline Hawkins" (Count One), and "did endeavor to influence, intimidate and impede Pauline Hawkins * * * by assaulting the said Pauline Hawkins" (Count Two). The mold and form of the appellant's crime was finally cast in Maryland; it could not be altered by anything that might happen thereafter in the District of Columbia. Even if the rape prosecution in the District of Columbia had been abandoned by the government, for reasons entirely unrelated to the appellant's assault on Pauline Hawkins, his guilt in Maryland would not have been erased. *See* United States v. Russell, 255 U.S. 138, 143, 41 S.Ct. 260, 65 L.Ed. 553 (1921); Catrino v. United States, 176 F.2d 884, 886 (9th Cir. 1949); United States v. Knohl, 379 F.2d 427, 443 (2d Cir.), cert denied, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967).

That Pauline Hawkins was a witness in a case pending in the District of Columbia and that the appellant hoped to affect her testimony did not establish venue here. If it were otherwise then by the same reasoning the prosecution of a bribery case under 18 U.S.C. § 201 (1964) might be had in the jurisdiction where the prospective witness is to testify, and where his testimony might be affected, no matter where the bribe is passed or the attempt to bribe is made. This is not the law. *See* In re Palliser, 136 U.S. 257, 10 S.Ct. 1034, 34 L.Ed. 514 (1890); United States v. Michelson, 165 F.2d 732 (2d Cir.), aff'd, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); *cf.* United States v. Ellenbogen, 365 F.2d 982, 989 (2d Cir. 1966), cert. denied, 386 U.S. 923, 87 S.Ct. 892, 17 L.Ed.2d 795 (1967); Goodloe v. United States, 88 U.S.App.D.C. 102, 188 F.2d 621 (1950), cert. denied, 342 U.S. 819, 72 S.Ct. 35, 96 L.Ed. 619 (1951). Likewise it would follow from the district court's theory that a prosecution for murder might be maintained in the state or district where the fatal wound took effect and the victim died, although the wound was inflicted in another state or district. Here again the rule is otherwise, both at common law and by statute. *See* 18 U.S.C. § 3236 (1964); United States v. Guiteau, 12 D.C. (1 Mackey) 498 (1882); State v. Kelly, 76 Me. 331 (1884).

In view of our disposition of the case it is unnecessary to pass upon the appellant's other contentions.

The judgment is reversed with directions to dismiss the indictment.

TAMM, Circuit Judge (concurring):

I concur in the result. In essence the first count of the indictment charges the appellant, while in Maryland, with *injuring* Pauline Hawkins *on account of* her having testified against him in the District of Columbia. Since the appellant injured the complaining witness in Maryland, it is only there that he may be tried for *inflicting such injury*. Whatever the appellant's reason or motive may be is irrelevant in determining proper venue. Thus, the first count of the indictment should be dismissed.

The second count of the indictment charges the appellant, while in Maryland, with *endeavoring* to intimidate a witness in a case then pending before the Grand Jury in the District of Columbia. This count charges appellant with only an attempt to influence the administration of justice. It is undisputed that the attempt here was begun and completed solely in Maryland. As a result, proper venue could lie only in Maryland and thus the second count of the indictment must also be dismissed.

At issue before us is whether the appellant could have been tried in the District of Columbia for the crimes charged in the indictment. This then leaves open for future decision the question of whether one may be tried in the District of Columbia under 18 U.S.C. § 1503 (1964) for actually "obstruct[ing] * * * the due administration of justice" in the District of Columbia by acts done outside the District of Columbia.[1] Since the question is not for us to decide at this time, I will only mention a couple of cases to *illustrate* the problem. In Strassheim v. Daily, 221 U.S. 280, 31 S.

Ct. 558, 55 L.Ed. 735 (1911), a fraud case in which the defendant never set foot in the prosecuting state, Justice Holmes stated:

> Acts done outside a jurisdiction, but intended to produce and producing detrimental effects within it, justify a state in punishing the cause of the harm as if he had been present at the effect * * *.

(*Id.* at 285, 31 S.Ct. at 560.) In United States v. Gross, 276 F.2d 816 (2nd Cir. 1960), cert. denied, 363 U.S. 831, 80 S. Ct. 1602, 4 L.Ed.2d 1525 (1960), the defendant was held to have been properly tried in the Southern District of New York where he had sent incomplete tax information from a place outside the Southern District. As can be seen, one could well argue that acts done in Maryland having a propelling influence on the administration of justice in the District of Columbia should be triable in the District of Columbia. The question, however, is not ripe for us to decide at this time.

---

1. I call attention to this distinction since there appears to have been some confusion on the problem. The district judge's memorandum opinion seems to indicate that she thought appellant was "charged with obstruction of justice." (App. for Appellee at 15, 16, 17.) Counsel in their briefs make the same mistake. As I have mentioned, appellant was only charged with *endeavoring* to influence a witness.