Robert S. Stubbs, III, Asst. U. S. Atty., Roanoke, Va., for plaintiff.

George I. Vogel, II, Wilson, Hawthorne & Vogel, Roanoke, Va., for defendant.

**UNITED STATES of America, Plaintiff,**

v.

**James Edward ELLIOTT, Defendant.**

**Crim. No. 77–00001–L.**

United States District Court,
W. D. Virginia,
Lynchburg Division.

March 8, 1978.

## OPINION AND ORDER

GLEN M. WILLIAMS, District Judge.

Defendant raises, by a motion to dismiss the indictment, the question of proper venue for the prosecution of the offense of endeavoring to obstruct justice as outlined in 18 U.S.C. § 1503. He contends, in his accompanying motion to transfer, that any prosecution in this case should take place in the Middle District of North Carolina. He relies on Article III, Section 2, Clause 3, and the Sixth Amendment to the United States Constitution; Rule 18 of the Federal Rules of Criminal Procedure; and the decision in *United States v. Swann,* 142 U.S.App.D.C. 363, 441 F.2d 1053 (1971). The United States, on the other hand, argues that the legislative history of Section 1503 and the case of *United States v. O'Donnell,* 510 F.2d 1190 (6th Cir. 1975), indicate that venue is proper in the Western District of Virginia.

The indictment charges that, on December 11, 1977, in the Middle District of North Carolina, defendant corruptly endeavored to influence, intimidate and impede Connie Sawyer in the discharge of her duty as a witness in the case of *United States v. Whitehead, et al.,* then pending in the United States District Court for the Western District of Virginia. Defendant allegedly attempted to prevent Sawyer from testifying by offering her a sum of money to leave the area in which she then resided.

Both sides have stipulated that all the actions alleged in this indictment occurred in the Middle District of North Carolina. Furthermore, at the time in question, both defendant and Sawyer were residents of

that district. The only connection of this case with the Western District of Virginia is the fact that Sawyer was to testify in a trial pending in said district.

Section 1503 of Title 18, derived from Section 2 of the Act of March 2, 1831, 4 Stat. 487, deals with contemptuous conduct occurring away from or not in the presence of the court. It has been referred to as prescribing "constructive contempt of court." *United States v. O'Donnell,* 510 F.2d at 1193. The statute, however, does not indicate where venue properly lies. The basic venue requirements for federal criminal prosecutions are prescribed by Article III, Section 2, Clause 3 and the Sixth Amendment to the Constitution. These sections guarantee a trial in the state and district where the offense was committed. In addition, it has been determined that where Congress has not been explicit about venue, "the *locus delicti* must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson,* 328 U.S. 699, 703, 66 S.Ct. 1213, 1216, 90 L.Ed. 1529 (1946).

The issue of proper venue under Section 1503 was decided in *United States v. O'Donnell, supra.* In that case, a trial was pending in the Western District of Tennessee, and the defendant had made arrangements in Texas to kill a witness. The court held that venue was proper in the Western District of Tennessee because that was the district where the administration of justice was intended to be obstructed. In reaching that conclusion, the court relied upon the decision in *Nye v. United States,* 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172 (1941). The defendants in *Nye* had exerted an improper influence on an illiterate plaintiff to obtain dismissal of a civil lawsuit. All of the obstructive acts had occurred outside of the district in which the civil action was pending. The Court in *Nye* implied that the criminal prosecution for a constructive contempt would lie in the district where the civil action was brought despite the fact that the offensive conduct had occurred elsewhere.

Defendant argues that the holding in *United States v. Swann, supra,* is control-ling in the instant action, but the court finds the reasoning of that decision unpersuasive. As pointed out by the court in *O'Donnell,* the *Swann* decision fails to recognize the difference between Section 1503 and other types of criminal offenses. Most crimes focus upon the actual event or conduct. For example, the critical event in bribery is the giving or offer to give something of value. Thus venue would lie wherever these events occurred. Whereas, in Section 1503, the emphasis is placed upon the intended effect of any corrupt attempt to impede the administration of justice, regardless of the means employed. This attempt can have an effect in only one place; viz., the district where the proceeding is pending. Since defendant is charged with attempting to obstruct the administration of justice in a trial pending in the Western District of Virginia, said district is where the effect of his actions would be felt.

Accordingly, the court finds that proper venue in the instant action lies in the Western District of Virginia. To hold otherwise would deprive this court of its traditional power to deal with contempts of its authority. Defendant's motions to dismiss the indictment and to transfer are therefore denied.