**UNITED STATES of America**

v.

**Clyde Clayton BACHERT.**

**Crim. A. No. 77–415–1.**

United States District Court,
E. D. Pennsylvania.

April 25, 1978.

G. Daniel McCarthy, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Edward H. Weis, Asst. Defender, Defender Assoc. of Philadelphia—Fed.Ct.Div., Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

On September 28, 1977, a federal grand jury in the Eastern District of Pennsylvania returned an indictment charging Clyde Bachert and George Edward Price with armed bank robbery. On December 28, 1977, a superseding indictment was returned. Counts X, XI, and XII of the superseding indictment charged Bachert with violations of 18 U.S.C. § 1503, which makes it unlawful, *inter alia*, for a defendant to "corruptly, or by threats or force . . . endeavor to influence, intimidate, or impede any witness, in any courtroom of the United States." Counts X, XI, and XII of the indictment charge that Bachert "corruptly did endeavor to influence, obstruct and impede the due administration of justice in the United States District Court for the Eastern District of Pennsylvania" in that he (1) offered to give money to one person if he would testify as an alibi witness for defendant; (2) urged another person to testify as an alibi witness; and (3) threatened to kill a Government witness if he continued to cooperate with the Government.

Defendant has moved to dismiss this indictment for improper venue. Fed.R. Crim.P. 18 provides that "the prosecution shall be had in a district in which the offense was committed." Defendant contends, and the Government concedes, that the acts complained of—the acts of offering a bribe, making threats, and other similar acts—all occurred in Carbon County, which is in the Middle District of Pennsylvania. The Government argues, nevertheless, that venue is proper here because the "administration of justice" sought to be impeded was located in the Eastern District of Pennsylvania. We conclude that defendant Bac-

hert's position has merit and therefore dismiss Counts X, XI and XII of the superseding indictment.

We agree with the reasoning of the Court of Appeals for the District of Columbia in *United States v. Swann*, 142 U.S.App.D.C. 363, 441 F.2d 1053 (1971). There, as here, the acts of "endeavoring to obstruct justice" occurred in a district other than the district in which justice was sought to be obstructed. The *Swann* Court held that venue was proper only where the acts occurred. Judge Tamm's concurrence distinguished between the offenses of "endeavoring to obstruct justice", which is basically an attempt crime, and "obstruction of justice." In the latter case, Judge Tamm suggested that venue might properly lie in the district where the administration of justice is impeded. The defendant here, however, is charged with "endeavoring to obstruct justice." The acts constituting the alleged violation took place entirely within the Middle District of Pennsylvania. We have carefully considered the case of *United States v. O'Donnell*, 510 F.2d 1190 (6th Cir. 1975), which holds otherwise, but find the reasoning there to be unpersuasive. Therefore, we dismiss Counts X, XI, and XII of the superseding indictment for improper venue.