UNITED STATES of America, Plaintiff-Appellee,

v.

Ronald R. NADOLNY, Defendant-Appellant.

No. 78–2399.

United States Court of Appeals, Seventh Circuit.

Argued May 25, 1979.

Decided July 18, 1979.

Jerome Rotenberg, Chicago, Ill., for defendant-appellant.

Douglas H. Westbrook, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, SWY-GERT, Circuit Judge, and KUNZIG,* Judge.

KUNZIG, Judge:

In this case of first impression under the statute involved, defendant-appellant Ronald Nadolny appeals from his conviction on two counts of obstructing a criminal investigation in violation of 18 U.S.C. § 1510.[1] Appellant argues that his conviction should be set aside because venue in his trial was laid in a district other than the one in which the alleged beating took place. The Government contends that for the crime of obstructing a criminal investigation, venue is proper in the district where the investigation was proceeding. We agree with appellant.

The investigation which Nadolny was convicted of obstructing was one into the activities of Teamsters Union Local 26, headquartered in Danville, Illinois. The investigation had been launched on or about January 3, 1978, by agents of the FBI, who were exploring possible illegal activities (payoffs, "sweetheart arrangements," and embezzlement of Teamster funds) by three union officials. During the course of their investigation, agents of the FBI held several discussions with one Harold O'Dell, a Teamster Local 26 rank-and-file member. O'Dell was also the secretary-treasurer of Central Illinois PROD (Professional Road Drivers). PROD is an organization of dissident Teamster members, openly critical of Teamster leadership. During the first half of 1978, FBI agents held interviews with numerous past and present Teamster members.

After the FBI investigation into affairs of Local 26 became public, O'Dell became more and more vocal in his criticism of the Local 26 leadership. He encouraged fellow Teamsters to talk with the FBI about possible illegalities, and he openly offered to relay information from Teamster rank-and-file members to the FBI. He spoke at PROD meetings critical of Teamster leadership.

Defendant Nadolny was for some time prior to the incident which sparked his prosecution employed as a truck driver in LaSalle, Illinois, and was a member of Teamster Local 722 based in Ottawa, Illinois. Although there was conflicting testimony about his motives and goals in leaving that job shortly before beginning work at the same site as O'Dell, there is no dispute that on May 18, 1978, defendant was in his second day of work as a truck mechanic at the Baldwin Associates Clinton Power Station Project in Clinton, Illinois. Nadolny had been hired there at the suggestion of a Teamster business representative as a replacement for a mechanic who was to be away from his job due to an injury. Harold O'Dell was working as a truck driver at the same plant.

On May 18, 1978, O'Dell was told by his superior to take his truck to the repair area of the plant for routine servicing. It was at this point that the altercation between O'Dell and the defendant erupted. Although there was some dispute, there was evidence tending to show that Nadolny approached O'Dell and berated him about his criticism of the Teamsters Union and his activities in PROD; and that Nadolny then repeatedly struck O'Dell, beating him around the head and kicking him in the

---

* Judge Robert L. Kunzig of The United States Court of Claims is sitting by designation.

1. 18 U.S.C. § 1510 is as follows:

§ 1510. Obstruction of criminal investigations
  (a) Whoever willfully endeavors by means of bribery, misrepresentation, intimidation, or force or threats thereof to obstruct, delay, or prevent the communication of information relating to a violation of any criminal statute of the United States by any person to a criminal investigator; or

Whoever injures any person in his person or property on account of the giving by such person or by any other person of any such information to any criminal investigator—
  Shall be fined not more than $5,000, or imprisoned not more than five years, or both.
  (b) As used in this section, the term "criminal investigator" means any individual duly authorized by a department, agency, or armed force of the United States to conduct or engage in investigations of or prosecutions for violations of the criminal laws of the United States.

chest and shoulders after he had fallen to the ground. O'Dell did not resist.

On June 8, 1978, Nadolny was charged by an Eastern District federal grand jury in a two-count indictment of obstructing a criminal investigation in violation of 18 U.S.C. § 1510. On September 18, through 20, he was tried to a jury and convicted on both counts. He was subsequently sentenced to five years in prison for the first count and five consecutive years of probation on the second.

Nadolny on appeal challenges the sufficiency of the indictment to allege a criminal offense, asserts improper venue, challenges the sufficiency of the evidence to sustain his conviction, and alleges errors committed during trial and in the jury instructions. Except for the issue of improper venue, we find defendant's arguments to be without merit. However, after careful study of the briefs and after oral argument—and with great reluctance—we are compelled on Constitutional and statutory grounds to reverse and remand his conviction because venue was laid in the improper district.

Defendant cites Rule 18 of the Federal Rules of Criminal Procedure, which provides in part:

> Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed.

Defendant buttresses his Rule 18 argument with the language of the Sixth Amendment, which provides that an accused is entitled to a trial in the "district wherein the crime shall have been committed." The beating of O'Dell took place in Clinton, Illinois, which is in the Southern District of Illinois. Nadolny's trial on charges stemming from the incident, however, was held in the Eastern District. We hold that venue was improperly laid in the Eastern District because Nadolny's trial should have been in the Southern District of Illinois.

In an effort to avoid the import of the plain language in Rule 18 and the Sixth Amendment, the Government argues that laying venue in the Southern District merely because O'Dell was beaten there oversimplifies the application of the Federal Rules and the Sixth Amendment. In contending that the proper venue here was the district in which the criminal investigation was being conducted—the Eastern District of Illinois—the Government argues that a prosecution for obstructing an investigation should be held in the same district in which the investigation itself was being conducted. The Government position is that the gravamen of the § 1510 offense is the effect of misconduct on the administration of justice, and accordingly proper venue was laid in the Eastern District.

In support of its argument, the Government cites *United States v. O'Donnell*, 510 F.2d 1190 (6th Cir. 1975), in which the Sixth Circuit held that a prosecution for obstruction of justice under 18 U.S.C. § 1503 is properly held in the district whose court proceedings have been affected, regardless of where the actual acts of obstruction took place. The court ruled that § 1503 was in reality a codification of the ancient judicial power to punish contempts, and as such, venue was appropriately laid in the court whose proceedings were affected. The Government argues by analogy here that this prosecution for obstructing a criminal investigation was rightly held in the Eastern District of Illinois, since the investigation that was hindered was proceeding in the Eastern District.

We disagree. After careful consideration of *O'Donnell*, we find the reasoning in *United States v. Swann*, 142 U.S.App.D.C. 363, 441 F.2d 1053 (1971) (also a prosecution under § 1503) more appropriately analogized to § 1510 prosecutions.

In *Swann*, the court held that an assault in Maryland on a witness in a trial in the District of Columbia did not establish venue in the District, even though the proceeding sought to be impeded was in the District. The gravamen of the offense was held to be the beating. The gravamen of the offense at issue in the instant case is also the beating. Our position is supported further by the decision in *United States v. Bachert*, 449 F.Supp. 508 (E.D.Pa.1978). Judge Huyett in *Bachert* (a § 1503 proceeding) rejected

*O'Donnell* and adopted *Swann*, a position we follow in our decision under § 1510.

The words of Rule 18 and the Sixth Amendment, taken on their face, also indicate clearly that an accused cannot be tried in one district for an offense committed in another. Moreover, the Government's argument strays too far from the original basis of our venue laws. Venue traditionally has been based on notions of fair, fast and efficient administration of trials. When venue is laid in the proper district— the one in which the crime was committed—witnesses are more readily available, and the operative facts and situs of the incident are closer at hand. The accused gets the trial by local jury envisioned by the framers of the Sixth Amendment.[2]

The incident which formed the basis for this prosecution was the assault on O'Dell. That incident took place in the Town of Clinton, DeWitt County, Southern District of Illinois. It was in the Southern District that the actual act of obstruction took place, and it was in the Southern District where the trial of the accused charged in that incident should have been held.[3]

Accordingly, for the reasons noted above, the judgment is reversed and remanded for dismissal of the indictment.

REVERSED AND REMANDED.

---

**2.** Carrying the Government's argument to its extreme, one could visualize a § 1510 criminal trial in West Virginia (situs of an investigation) when the beating of an informant in that investigation took place in Anchorage, Alaska.

**3.** We are cognizant of the fact that federal judicial districts in Illinois have been reorganized since Nadolny's trial. Act of Nov. 2, 1978, Pub.L.No.95-573, § 1, 92 Stat. 2458. Clinton now lies in the new Central District.