**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James Harrison BARHAM, a/k/a Robert
Meyers, Defendant-Appellant.**

**No. 80–7867.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 25, 1982.

Certiorari Denied April 26, 1982.
See 102 S.Ct. 2015.

Maryon Foster Allen, Pelham, Ala. (Court-appointed), for defendant-appellant.

J. R. Brooks, U. S. Atty., Michael V. Rasmussen, Asst. U. S. Atty., Birmingham, Ala., for plaintiff-appellee.

Before RONEY and FAY, Circuit Judges, and EDENFIELD,* District Judge.

NEWELL EDENFIELD, District Judge:

This is an appeal from appellant's conviction for endeavoring to obstruct the due administration of justice under 18 U.S.C. § 1503.[1]

On December 4, 1979 Barham was convicted in the United States District Court for the Northern District of Alabama of counterfeiting and conspiracy, and sentenced to fifteen years in prison. On December 10, 1979, Barham filed a notice of appeal, and was released from custody on appeal bond.

On May 14, 1980 the Hardin County, Tennessee sheriff's office arrested one Marvin Kenneth Kilburn and one Mark Shadd in connection with an attempted burglary earlier that day. Kilburn, who was an acquaintance of Barham under the name of Robert Meyers, and Shadd were interviewed at the county jail. Based on information obtained from these two gentlemen, the sheriff's office contacted the United States Secret Service, who in turn relayed the information to the United States Attorney's office in Birmingham, Alabama.

As a consequence of this information (which apparently concerned Barham's involvement with the attempted burglary, although that fact was not brought out at trial), the United States Attorney's office in Birmingham filed a motion to revoke Barham's appeal bond on June 20, 1980 in the United States District Court for the Northern District of Alabama on the grounds that he was a danger to the community. Attached to the motion, a copy of which was sent to Barham's attorney, were documents indicating that Kilburn had provided the information upon which the motion was based. An evidentiary hearing on the motion was set for July 7, 1980, and the Government was directed to secure the presence of Kilburn as a witness.

Barham allegedly tried to persuade Kilburn to change his statement regarding Barham at a meeting near Waynesboro, Tennessee in late June 1980. When this effort failed, Barham allegedly shot Kilburn and his fiancee near Kilburn's home in Wayne County, Tennessee on July 5, 1980—two days before the evidentiary hearing was to take place.

As a result of his alleged actions Barham was indicted on August 7, 1980 in the Northern District of Alabama for endeavoring to obstruct the due administration of

---

* The Honorable Newell Edenfield United States District Judge for the Northern District of Georgia, sitting by designation. Judge Edenfield prepared the above opinion before his death on December 26, 1981.

1. "Whoever corruptly, or by threats or force, or by any threatening letter or communication, endeavors to influence, intimidate, or impede any witness, in any court of the United States or before any United States commissioner or other committing magistrate, or any grand or petit juror, or officer in or of any court of the United States, or officer who may be serving at any examination or other proceeding before any United States commissioner or other committing magistrate, in the discharge of his duty, or injures any party or witness in his person or property on account of his attending or having attended such court or examination before such officer, commissioner, or other committing magistrate, or on account of his testifying or having testified to any matter pending therein, or injures any such grand or petit juror in his person or property on account of any verdict or indictment assented to by him, or on account of his being or having been such a juror, or injures any such officer, commissioner, or other committing magistrate in his person or property on account of the performance of his official duties, or corruptly or by threats or force, or by any threatening letter or communication, influences, obstructs, or impedes, or endeavors to influence, obstruct, or impede, the due administration of justice, shall be fined not more than $5,000 or imprisoned not more than five years, or both."

justice under 18 U.S.C. § 1503. A jury trial was held on October 15 and 16, 1980, and Barham was convicted and sentenced to a prison term of 43 months.

Appellant Barham raises two issues on appeal. The main challenge asserted by Barham is on venue grounds, and centers around the question of whether Barham could be tried for obstruction of justice under 18 U.S.C. § 1503 in the Northern District of Alabama when the action that he allegedly took which led to his indictment occurred in the Middle District of Tennessee. Barham's second assertion is that he was deprived of the right of effective assistance of counsel in that his attorney at trial allegedly failed to elicit certain impeachment evidence and failed to call an alibi witness. The court will address each of these arguments in turn.

*Venue*

The arguments on this point, while very interesting, are also quite simple. Appellant asserts that the district court erred in denying his motion to dismiss for improper venue, because venue is proper only in the judicial district where the alleged offense was committed—in this case the Middle District of Tennessee. In other words, appellant argues that the *locus delicti* in this case is that place where the actual physical act of shooting the witness occurred.

The Government argues that even though the defendant acted elsewhere, the predicate judicial proceeding, which is a prerequisite to a violation of 18 U.S.C. § 1503, was to be held in Alabama, and therefore it was the Alabama court's due administration of justice which was obstructed by appellant's actions. The Government asserts that appellant's offense is in the nature of a constructive contempt of court.

The three circuit courts of appeals which have dealt with this exact issue have split on it. In *United States v. Swann*, 441 F.2d 1053 (D.C.Cir.1971), a defendant in a pending rape action in the District of Columbia shot the alleged victim in Maryland after she had testified against him at a preliminary hearing in the District of Columbia. Swann was indicted and convicted in the District of Columbia District Court under 18 U.S.C. § 1503. The District of Columbia Circuit Court reversed, holding that venue for a prosecution under the obstruction of justice statute could lie only in the state of Maryland where the assault took place. *Accord United States v. Bachert*, 449 F.Supp. 508 (E.D.Pa.1978).

In *United States v. O'Donnell*, 510 F.2d 1190 (6th Cir. 1975), *cert. denied*, 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975), the Sixth Circuit specifically rejected the reasoning of the *Swann* court in holding that venue in a section 1503 action was proper in the Western District of Tennessee although the defendant's actions—making arrangements to kill a witness in a pending trial in Tennessee—took place in the Northern District of Texas. In so holding the court stated:

> [U]nder Sec. 1503, any corrupt attempt, regardless of the means employed, whether by the offer of money or otherwise, to impede or obstruct the due administration of justice is made a punishable offense. It cannot be said that the focus of the statute is exclusively upon any possible means which may be employed. Rather, it is upon the intended effect of any corrupt conduct of whatever description upon the administration of justice by the courts. Under Sec. 1503, the *effect* of corrupt conduct is always intended to occur only at one place; viz., the place or district in which the court sits or in which the proceeding is pending.

510 F.2d at 1194 (emphasis in original). *Accord United States v. Elliott*, 446 F.Supp. 209 (W.D.Va.1978).

Finally, in *United States v. Tedesco*, 635 F.2d 902 (1st Cir. 1980), *cert. denied*, 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981), the First Circuit held that, where the defendant was accused under section 1503 of attempting to corruptly influence a witness in a criminal trial in the District of Massachusetts, venue was proper in that district even though all attempts to influence the witness occurred in New York.

The *Tedesco* court also rejected the reasoning in *Swann*. *Id.* at 906.

We find the reasoning and conclusions of the *O'Donnell* and *Tedesco* courts to be more persuasive than those of the *Swann* court. As stated in *Tedesco*, "The very nature of the crime is affecting, or endeavoring to affect, the due administration of justice; the activities prohibited under the statute are those intended to influence the administration of justice where the affected judicial proceeding is being held or has been held." 635 F.2d at 902. Therefore, we follow the ruling in *Tedesco* and hold that "venue under section 1503 is to be determined by focusing on which court is affected by the attempt to influence, obstruct, or impede the due administration of justice. *It is the impact of the acts, not their location, that controls.*"[2] *Id.* at 906 (emphasis supplied).

*Ineffective Assistance of Counsel*

■ Appellant also challenges his conviction on the ground that he was denied reasonably effective assistance of counsel. The two bases for this claim are his attorney's alleged inability to establish at trial whether the prosecution's main witness expected leniency in consideration for his testimony, and his failure to call an allegedly crucial alibi witness.

However, because this is a direct appeal, this issue is not properly before this court. *United States v. Stephens*, 609 F.2d 230 (5th Cir. 1980). As we have stated:[3] "The law of this Circuit is that claims of inadequate representation cannot be determined on direct appeal where such claims were not raised before the District Court and there has been no opportunity to develop and include in the record evidence bearing on the merits of the allegations." *United States v. Rodriguez*, 582 F.2d 1015, 1016 (5th Cir. 1978) (per curiam). *Accord United States v. Brown*, 591 F.2d 307 (5th Cir.

2. In so ruling we also follow the *O'Donnell* and *Tedesco* courts in not deciding whether venue might also lie in the Middle District of Tennessee. *See Tedesco, supra,* 635 F.2d at 906 n.5.

3. Decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed

1979), *cert. denied,* 442 U.S. 913, 99 S.Ct. 2831, 61 L.Ed.2d 280 (1979).

Therefore, for the reasons set out above, the judgment of the district court is AFFIRMED without prejudice to Barham's right to raise the ineffective assistance of counsel issue in a proper proceeding pursuant to 28 U.S.C. § 2255.

on September 30, 1981, handed down by that court prior to the close of business on that date, are binding as precedent on this Court. *Bonner v. City of Prichard,* 660 F.2d 1206 (11th Cir. 1981).