UNITED STATES of America,

v.

**Bernard E. MOORE, Defendant.**

Crim. No. 84–0054.

United States District Court,
District of Columbia.

March 20, 1984.

Eric B. Marcy, Asst. U.S. Atty., Washington, D.C., for United States.

Edgar H. Brenner, Arnold & Porter, Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

OBERDORFER, District Judge.

At issue in this case is whether venue lies in this district for criminal prosecution of a person who, immediately following a status conference in a criminal case in this district in which he is a defendant, travels to a Maryland suburb of Washington to threaten a co-defendant who is also a witness in the same criminal case in this district. Reluctantly, the Court concludes that the opinion of our Court of Appeals in *United States v. Swann*, 441 F.2d 1053 (D.C.Cir.1971), requires that this indictment be dismissed for improper venue.

### I.

On January 10, 1984, a grand jury in the District of Columbia returned an eight count indictment charging five persons with a variety of drug-related offenses. *United States v. Rosario, et al.,* Criminal No. 84–0017 (D.D.C. January 10, 1984). On February 15, 1984, this Court accepted the guilty plea of one of the defendants, Umora Toresani. The following day, at 2:00 p.m., the other defendants appeared for a status conference at which they learned, apparently for the first time, that their co-defendant had pled guilty and was likely to testify against them at trial. Following that status conference, defendant Bernard Moore allegedly traveled to an apartment in Maryland, where he threatened Toresani and attempted to discourage her from being a witness against him. Moore was indicted in this district on February 21, 1984, for knowingly intimidating and threatening a witness in violation of 18 U.S.C. § 1512(a). Although the indictment charged that the threatening acts occurred "within the District of Columbia and the State of Maryland," the government has now apparently conceded that all of the alleged illegal threats and actions occurred in Maryland.

Citing *Swann v. United States,* 441 F.2d 1053 (D.C.Cir.1971), Moore now moves to dismiss the indictment for improper venue.

### II.

In *Swann,* a man who had traveled to Maryland to shoot a witness in a D.C. federal investigation was indicted and tried in the District of Columbia under 18 U.S.C. § 1503. This section of the criminal code makes it a criminal offense to endeavor to influence, intimidate, or impede a federal witness. Swann was convicted in the United States District Court for the District of Columbia, but his conviction was overturned on appeal due to improper venue:

The flaw in the theory of the district judge is that the appellant's offense was not begun in one district and completed in another, or committed in more than one district. The offense condemned by the statute and charged in the indictment was begun, carried out, and completed in the State of Maryland. . . .

. . . . .

That [the victim] was a witness in a case pending in the District of Columbia

and that the appellant hoped to affect her testimony did not establish venue here.

441 F.2d at 1055.

The government attempts to distinguish *Swann* from this case on a variety of grounds. First, it correctly notes that four other Circuits have criticized the *Swann* decision and have declined to follow it. *See United States v. Kibler,* 667 F.2d 452 (4th Cir.1982), *cert. denied,* 456 U.S. 961, 102 S.Ct. 2037, 72 L.Ed.2d 485 (1982); *United States v. Barham,* 666 F.2d 521 (11th Cir. 1982); *United States v. Tedesco,* 635 F.2d 902 (1st Cir.1980), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981); *United States v. O'Donnell,* 510 F.2d 1190 (6th Cir.1975), *cert. denied,* 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975). The reasoning of these cases is persuasive, but the law in this Circuit is *Swann.**

The government also argues that *Swann* can be distinguished because it involved 18 U.S.C. § 1503, whereas this case involves 18 U.S.C. § 1512, a new section added to the Code by the Victim and Witness Protection Act of 1982. The facts of these two cases are almost identical, however, and the one Court that has considered the legislative history of the new statute has held that the reasoning of *Swann* applies to venue considerations under 18 U.S.C. § 1512. *See United States v. Wilson,* 565 F.Supp. 1416, 1423–25 (S.D.N.Y.1983) (Weinfeld, J.). It would be curious, to say the least, to have one rule of venue for threatening a witness in violation of 18 U.S.C. § 1503, and another for threatening a witness in violation of 18 U.S.C. § 1512.

Finally, *Swann* might be distinguished on the grounds that the Court of Appeals in that decision

... leaves open for future decision the question of whether one may be tried in the District of Columbia under 18 U.S.C. § 1503 (1964) for actually "obstruct[ing] ... the due administration of justice" in the District of Columbia by acts done outside the District of Columbia.

441 F.2d at 1056 (Tamm, J. concurring) (footnote omitted). One could argue that defendant Moore, although charged with a violation of 18 U.S.C. § 1512, is by implication charged with actual obstruction of justice, and that his case therefore falls in the area left open by *Swann.* That reasoning seems tenuous. If an exception is to be carved out of *Swann,* either on that ground or on the ground that venue considerations underlying 18 U.S.C. § 1503 differ from those underlying 18 U.S.C. § 1512, the Court of Appeals should define the exception before the resources of the parties and this Court are committed to a trial.

### III.

For the reasons explained above, defendant's motion must be granted. Accordingly, it is this 19th day of March, 1984, hereby

ORDERED AND ADJUDGED: that this indictment should be, and hereby is, DISMISSED.

---

* *Swann* has been followed in the Seventh and Second Circuits. *See United States v. Nadolny,* 601 F.2d 940 (7th Cir.1979); *United States v. Wilson,* 565 F.Supp. 1416 (S.D.N.Y.1983).