**UNITED STATES of America,
Appellant,**

v.

**Ronald BRAKKE, Appellee.**

No. 90–5580.

United States Court of Appeals,
Eighth Circuit.

Submitted May 14, 1991.

Decided May 30, 1991.

Gary Annear, Fargo, N.D., for appellant.

Donald R. Becker, Fargo, N.D., for appellee.

Before LAY, Chief Judge, BRIGHT, Senior Circuit Judge, and BOWMAN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

The United States (Government) appeals the district court's [1] order dismissing without prejudice a misdemeanor action against Ronald Brakke for obstructing a process server in violation of 18 U.S.C. § 1501 (1988).[2] The district court ruled that under the statute, venue could be had only in the district where the alleged acts of obstruction occurred. It determined that all of Brakke's acts of obstruction occurred in Minnesota; therefore, venue was improper in the District of North Dakota. The district court thus dismissed the action without prejudice to its reinstitution in the District of Minnesota. On appeal, the Government contends (1) it may prosecute violations of § 1501 in the district of the court affected by the offending obstructive conduct, and (2) that Brakke's actions constituted a continuing course of obstructive conduct begun in North Dakota and concluded in Minnesota; thus, venue properly lies in either district. We reject this contention and affirm.

## I. BACKGROUND

On May 22, 1990, a United States marshall served Brakke at his Fargo, North Dakota home with a notice of execution and levy on Brakke's 1966 red Chevrolet truck and other property, the levy arising from a prior civil judgment against Brakke in favor of the United States. The truck was not on the premises at the time notice was served. On June 1, 1990, a United States marshall observed from a distance a person appearing to be Brakke loading grain into a red truck at Brakke's farm in Horace, North Dakota. The individual drove the truck from the Brakke farm to Hickson, North Dakota where he made a

---

1. The Honorable Patrick A. Conmy, Chief Judge of the United States District Court for the District of North Dakota.

2. The relevant portion of 18 U.S.C. § 1501 reads:
   Whoever knowingly and willfully obstructs, resists, or opposes any officer of the United States, or other person duly authorized, in serving, or attempting to serve or execute, any legal or judicial writ or process of any court of the United States ... [s]hall, except as otherwise provided by law, be fined not more than $300 or imprisoned not more than one year, or both.

stop before travelling east a short distance over the state border into Minnesota. Two deputy United States marshalls followed the truck into Minnesota where they made their initial identification of Brakke as the driver of the red Chevrolet truck subject to the levy.

After forcing the truck to a stop, the marshalls informed Brakke that they intended to seize the truck and ordered him to vacate the vehicle. Brakke refused to comply with the order at least four times. Consequently, the marshalls placed him under arrest and forcibly removed him from the truck. The Government subsequently charged Brakke pursuant to 18 U.S.C. § 1501 with misdemeanor obstruction of an officer attempting to execute process based on his refusal to leave the truck. The defendant filed a motion to dismiss the information for improper venue, which the Government vigorously resisted. The district court granted the motion to dismiss the case without prejudice to its reinstitution in the District of Minnesota. This appeal followed.

## II. DISCUSSION

### A. Scope of Venue Under § 1501

■ Prosecution of criminal matters "shall be held in the State where the said Crimes shall have been committed." U.S. Const. art. III, § 2; Fed.R.Crim.P. 18. An exception to this rule exists in cases prosecuted under criminal statutes containing special venue provisions. The Government argues that 18 U.S.C. § 1501 is such a special venue statute.

The Government specifically contends that § 1501 is analogous to 18 U.S.C. § 1503 (1988) (influencing or injuring officers of the court or jurors) and 18 U.S.C. § 1512 (1988) (tampering with a witness, victim or an informant), each of which is an obstruction of justice statute which permits the Government to bring an action in either "the district in which the conduct constitut-

ing the alleged offense occurred," or "the district in which the official proceeding ... was intended to be affected." 18 U.S.C. § 1512(h). The Government asserts that because the writ of execution and levy upon Brakke's truck issued from the District of North Dakota, it should be permitted to prosecute Brakke in North Dakota, the district of the court affected by Brakke's obstructive conduct. We are not persuaded by the Government's analysis.

Even if we agreed with the Government's reading of § 1501 as an obstruction of justice statute, one factor distinguishes it from §§ 1503 and 1512 to which the Government analogizes it—namely, that §§ 1503 and 1512 contain an express special venue provision not present in § 1501. *See* 18 U.S.C. § 1512(h). Without such an express special venue provision in § 1501, we see no reason to deviate from the principle that the situs of the criminal conduct is the determining factor in questions of proper venue.[3] *See generally* C. Wright, *Federal Practice & Procedure*, ch. 6, § 302 (1982 & Supp.).

### B. Continuing Course of Conduct

■ The district court determined that all of the alleged acts giving rise to the obstruction charge occurred in Minnesota. The Government, on the other hand, contends that Brakke's conduct constituted a continuing course of obstructive conduct which began in North Dakota and merely concluded in Minnesota. It asserts, consequently, that venue properly lies in either jurisdiction. We agree with the Government that violations begun in one district and completed in another may be prosecuted in either district. 18 U.S.C. § 3237 (1988). After reviewing the record, however, we can discern no support for the Government's contention that Brakke's obstructive conduct extended over two districts.

---

**3.** Congress has historically demonstrated its awareness of matters of venue by enacting numerous special venue provisions as parts of statutes defining a broad range of criminal conduct. *See* Fed.R.Crim.P. 18, advisory committee's notes (1944 adoption). This historically proven congressional attention to matters of venue in criminal statutes leaves us particularly reluctant to imply a special venue provision as the Government has requested in the present case.

The record unambiguously demonstrates that the marshalls did not attempt to execute process until after Brakke had crossed into Minnesota. The only acts which formed the basis for the obstruction charge, Brakke's passive resistance to the marshalls' requests that he vacate his vehicle, occurred after Brakke had crossed into Minnesota.[4] Accordingly, we agree with the district court's ruling that venue for the obstruction charges does not lie in the District of North Dakota.

## III. CONCLUSION

For the foregoing reasons, we affirm the order of the district court dismissing the misdemeanor charge without prejudice to its reinstitution in the District of Minnesota.

---

**4.** The Government contends, and the district court found, that Brakke did not immediately bring his vehicle to a stop when first signaled by the marshalls to do so. However, the marshalls did not signal Brakke to stop the truck until he had already crossed into Minnesota.