# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

—————————

No. 96-3080WM

—————————

United States of America,      *
     *
        Appellant,      *
     * On Appeal from the United
    v.      * States District Court
     * for the Western District
     * of Missouri.
Vickie S. Cabrales,      *
     *
        Appellee.      *

—————————

Submitted: January 17, 1997

Filed: March 24, 1997

—————————

Before RICHARD S. ARNOLD, Chief Judge, ROSS and BEAM, Circuit Judges.

—————————

RICHARD S. ARNOLD, Chief Judge.

Vickie Cabrales was charged with one count of conspiring to launder money and two counts of money laundering in the District Court for the Western District of Missouri.  The District Court[1]

---

[1]The Hon. Scott O. Wright, Jr., United States District Judge for the Western District of Missouri, acting on the recommendation of the Hon. William A. Knox, United States Magistrate Judge for the Western District of Missouri.

dismissed the two counts of money laundering as improperly venued in that Court.  The Government appeals the dismissal.  We affirm.

## I.

Vickie Cabrales was charged with the following three offenses: conspiracy to avoid a transaction-reporting requirement (Count I), 18 U.S.C. §§ 371, 1956(a)(1)(B)(ii); conducting a financial transaction to avoid a transaction-reporting requirement (Count II), 18 U.S.C. § 1956(a)(1)(B)(ii); and engaging in a monetary transaction in criminally derived property of a value greater than $10,000 (Count III), 18 U.S.C. § 1957.

The District Court dismissed Counts II and III as improperly venued in Missouri, reasoning that none of the acts which constitutes money laundering occurred in Missouri.[2]  The Government does not dispute that the acts which form the elements of those offenses occurred outside Missouri. It maintains, however, that the criminal offenses which necessitated the money laundering did occur in Missouri, and that venue was therefore proper in the Western District of Missouri under a "continuing offense" analysis.

## II.

The money-laundering charges are based on a series of deposits and withdrawals made by Cabrales at a Florida bank.  The money

---

[2]The Court did not dismiss Count I, the conspiracy charge, because overt acts did occur in Missouri.  Venue is proper in a conspiracy case in any jurisdiction in which an overt act in furtherance of the conspiracy was committed by any of the conspirators.  See United States v. Bascope-Zurita, 68 F.3d 1057, 1062 (8th Cir. 1995), cert. denied, 116 S. Ct. 741 (1996).  Count I is not part of this appeal.  It remains pending in the District Court.

Cabrales deposited, and later withdrew, was traceable to illegal drug sales which occurred in Missouri. The government asserts that since the drug conspiracy operated in Missouri, and Cabrales was "laundering" its profits, she can be tried in Missouri.

Both Rule 18 of the Federal Rules of Criminal Procedure and the Constitution require that a person be tried for an offense where that offense is committed.[3] "[T]he locus delicti must be determined from the nature of the crime alleged and the location of the act or acts constituting it." United States v. Anderson, 328 U.S. 699, 703 (1945).

The acts constituting money laundering for the purposes of this case are outlined in §§ 1956(a)(1) and 1957, which make it a crime to:

> knowing[ly] . . . conduct[] or attempt[] to conduct
> . . . a financial transaction which . . . involves
> the proceeds of specified unlawful activity . . .
> knowing that the transaction is designed in whole
> or in part . . . to avoid a transaction reporting
> requirement under State or Federal law,

and to "knowingly engage[] or attempt[] to engage in a monetary transaction in criminally derived property that is of a value greater than $10,000 and is derived from specified unlawful activity."

---

[3]Rule 18 provides, in pertinent part, that "prosecution shall be had in a district in which the offense was committed." Rule 18 echoes the command of Article III of the Constitution, which requires that, "Trial shall be held in the State where the said Crimes shall have been committed," and of the Sixth Amendment, which requires trial "by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. art. III, § 2, cl. 3 & amend. VI.

Under 18 U.S.C. § 3237(a), "continuing offenses" are deemed committed, and venue over those offenses is therefore proper, "in any district in which such offense was begun, continued, or completed." As is clear from the statutes quoted above, Cabrales was not accused of a "continuing offense." She was charged with money laundering, for transactions which began, continued, and were completed only in Florida. That the money came from Missouri is of no moment in this case, because Cabrales dealt with it only in Florida. Counts II and III include no act committed by Cabrales in Missouri. Nor does the government charge that Cabrales transported the money from Missouri to Florida. Whether that would make a difference we need not decide in the present case.

III.

The government cites several cases which it believes should dictate a different result. For various reasons, they do not. But because some contain language which, if applied to Cabrales's case, might conflict with the result we now reach, we discuss them briefly.

In United States v. Beddow, 957 F.2d 1330 (6th Cir. 1992), for example, money laundering was held cognizable under § 3237(a) as a continuing offense. The Court in Beddow held there was a money- laundering "scheme" sufficient to confer venue on a different district from that in which the actual transactions took place. Id. at 1336. Beddow, however, presented different facts than the instant case. The defendant in Beddow was convicted of the crimes which produced the funds which were laundered, and had acquired those funds in one district and transported them into another. While some of the language in that case might be broad enough to cover the fact situation before us, we believe the facts that the

money-laundering conduct in Beddow extended over more than one district, and that the defendant was convicted of involvement in each step of that conduct, distinguish the case. That distinction explains why money laundering might have been a continuing offense in that case and not in the one now before us.[4]

The government also cites United States v. Hernando Ospina, 798 F.2d 1570 (11th Cir. 1986). In that case, two defendants were charged with concealing material facts from the IRS. The defendants argued venue was improper in the Southern District of Florida because the "concealment" resulted from the non-filing of currency transaction reports in Washington, D.C. The Ospina court

_____

[4]The language to which we refer is the following:

> Under section 3237(a) venue is proper in any district where any part of the money laundering scheme occurred. In the present case, it is clear that the funds involved in both money laundering counts were acquired by selling drugs in the Western District of Michigan. Also, Count 4 involved travel that originated in Traverse City. We conclude that these acts were essential elements of the money laundering offenses and that they were sufficient to confer venue under section 3237(a).

957 F.2d 1336.

United States v. Sax cites Beddow for the proposition that venue over money-laundering charges is proper in a given district if the underlying criminal conduct (which produced the funds) occurred in that district. 39 F.3d 1380, 1390 (7th Cir. 1994). We note that the holding in Beddow appears to have depended on the combination of two facts: the underlying conduct occurred in the same district where the defendant began transportation of the funds which were to be laundered. Were the location of the underlying criminal conduct, standing alone, sufficient to confer venue on a district, the money-laundering charges against Cabrales would be appropriately venued in Missouri. To the extent Sax would produce such a holding, we respectfully disagree.

-5-

rejected that argument, noting that, "it is undisputed that the scheme to conceal was formulated and virtually all the affirmative acts comprising that scheme were carried out in the Southern District of Florida." Id. at 1577. While the non-filing of the reports may have been the ultimate occurrence which kept information from reaching the IRS, the statute criminalizes the entire scheme. 18 U.S.C. § 1001, under which the defendants in Ospina were charged, makes it a crime to "knowingly and willfully . . . conceal[] or cover[] up by any trick, scheme, or device a material fact" in any matter within the jurisdiction of a federal agency. The statute explicitly criminalizes the scheme itself. The acts by the defendants in Florida were thus directly prohibited by the statute, and the crime was "committed" at least partly in Florida. Since no acts prohibited by 18 U.S.C. §§ 1956(a)(1)(B)(ii) and 1957 were committed by Cabrales in Missouri, Ospina is of no help to the government in the instant case.

Finally, in United States v. Chandler, 66 F.3d 1460 (8th Cir. 1995), a panel of our Court declined to reverse a conviction for accepting and receiving a gratuity in connection with the making of a loan because venue in the Eastern District of Arkansas was improper. In so doing, we affirmed the district court's refusal to sever those charges because they were "inextricably linked" to the other crimes with which the defendant was charged.

In Chandler, however, the trial jury found that venue was proper in the Eastern District of Arkansas. The location of the crime was disputed, and was therefore before the jury. We could have disturbed that verdict only if no reasonable jury could have reached the conclusion that one did. We held that the jury could reasonably have found that the crime was committed at least partly in the Eastern District of Arkansas. There is no factual ambiguity

in the case now before us. Nowhere does the government allege that any part of the money-laundering transactions in question occurred outside Florida, and there is certainly no jury finding that they did.

Other cases provide better guidance for the case at bar. In <u>United States v. Swann</u>, 441 F.2d 1053 (D.C. Cir. 1971), the Court reversed a district court holding that venue over a jury-tampering charge was proper in the District of Columbia when the jury was empaneled in a District of Columbia court but the tampering had occurred in Maryland. In reversing, the Court declined to view the crime as a "continuing offense," focusing its attention on the specific facts alleged and the crime charged:

> [t]he appellant's offense was not begun in one district and completed in another, or committed in more than one district. The offense condemned by the statute and charged in the indictment was begun, carried out and completed in the State of Maryland when the appellant "did injure the person of said Pauline Hawkins . . .."

<u>Id.</u> at 1055.

We have adopted that approach in prior cases in this circuit as well. In <u>United States v. Brakke</u>, 934 F.2d 174 (8th Cir. 1991), defendant Brakke was accused of obstruction of justice for failing to comply with two federal marshals' requests that he pull over his vehicle and get out of it so it could be seized. The marshals began following Brakke in North Dakota, but did not signal him to stop until after he had crossed the state line into Minnesota. Consequently, Brakke did not refuse to comply until he was in Minnesota. The District Court for the District of North Dakota

dismissed the charge for lack of venue, and our Court affirmed, holding:

> After reviewing the record . . . we can discern no support for the Government's contention that Brakke's obstructive conduct extended over two districts. . . . The only acts which formed the basis for the obstruction charge, Brakke's passive resistance to the marshalls' [sic] requests that he vacate his vehicle, occurred after Brakke had crossed into Minnesota. Accordingly, we agree with the district court's ruling that venue for the obstruction charges does not lie in the District of North Dakota.

Id. at 176-77 (footnote omitted).

IV.

The only acts which formed the basis for the money-laundering charges in the instant case consisted of banking transactions which Cabrales executed only in Florida. Under these facts and the analytical framework established in Brakke, the District Court correctly dismissed Counts II and III as improperly venued in Missouri. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-