**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**David FREDERICK,**
**Defendant–Appellee.**

No. 87–1619.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 11, 1987.

Decided Dec. 23, 1987.

---

**1212**

Larry Rosenthal, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellant.

Luis M. Galvan, Chicago, Ill., for defendant-appellee.

Before WOOD and POSNER, Circuit Judges, and GRANT, Senior District Judge.[*]

HARLINGTON WOOD, Jr., Circuit Judge.

The sole issue in this case is the determination of proper venue in a prosecution for witness tampering in violation of 18 U.S.C. § 1512. The alleged witness tampering occurred in the Southern District of Florida, although the affected grand jury was conducting an investigation in the Northern District of Illinois. The district court, relying on a prior decision of this court, *United States v. Nadolny*, 601 F.2d 940 (7th Cir. 1979), allowed defendant's motion to dismiss the indictment on the basis that venue did not lie in the Northern District of Illinois, 656 F.Supp. 1461 (1987). The underlying facts necessary to the venue determination are not in dispute; however, the circuits are not in complete harmony on the legal issue raised by similar facts.

## I. FACTUAL BACKGROUND

A grand jury in the Northern District of Illinois returned an indictment on November 17, 1986, charging a codefendant, not involved in this appeal, with a conspiracy to commit fraud both by wire [1] and by mail [2] in which the defendant, David Frederick, Kenneth Shaw, and others were named as coconspirators. Count 21 of the indictment, the only count involved in this appeal, charges that the defendant, David Frederick, on or about April 1, 1986 "threatened and attempted to threaten Kenneth Shaw with intent to influence his testimony and to cause and induce him to withhold testimony concerning Tracy Frederick" before the grand jury then investigating the alleged conspiracy in the Northern District of Illinois, in violation of 18 U.S.C. § 1512.[3] Tracy Frederick is the sister of defendant Frederick. The government claims that defendant Frederick, in the Southern District of Florida, threatened to kill Shaw if Shaw provided the grand jury with any information about his sister. At the time of the alleged threat on Shaw's life, Shaw was under subpoena to testly before the Northern District of Illinois grand jury. Following the dismissal by the district court on venue grounds, the government appealed.

## II. ANALYSIS

The government asks us to either distinguish or overrule *Nadolny*, and we shall do both, although the distinctions are of no consequence to our decision.

We must begin with the Constitution which provides that criminal trials shall be in the state where the violation was allegedly committed. U.S. Const. art. III, § 2, cl. 3. The sixth amendment added the requirements that the accused be tried in the state and district where the crime was com-

---

[*] The Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. 18 U.S.C. § 1343.

2. 18 U.S.C. § 1341.

3. Count 21 also charges that the alleged witness tampering by defendant Frederick occurred while Frederick was on release pursuant to 18 U.S.C. §§ 3141–3152, in violation of 18 U.S.C. § 3147. This part of the count, however, has no impact upon the legal issue of witness tampering venue.

mitted, which district shall have been previously ascertained by law. Federal Rule of Criminal Procedure 18 reiterates that the prosecution shall be had in the district where the offense was committed, except as otherwise permitted by statute.

The witness tampering statute, 18 U.S.C. § 1512,[4] however, does not address venue. Each of the parties interprets the available legislative history to support their respective positions. The defendant argues that the legislative history clearly demonstrates that the crime does not hinge on the status of the victim as a witness.[5] The defendant therefore argues that the district where the investigation is or may be pending is of no consequence because the statute is concerned with the illegal conduct toward the victim, not the intended impact of that conduct on a pending or prospective judicial proceeding.

The government argues, in contradiction to the defendant's argument, that the legislative history reveals that the underlying objective of the statute is to insure that witnesses are not dissuaded "from fulfilling [their] societally desirable role with reference to attending or testifying in an official proceeding, or reporting or taking other action in relation to an offense or possible offense."[6] The government sorts out from the legislative history that "section 1512 is meant to protect the integrity of the process."[7] The act is concerned with the "methods by which the proper administra-

tion of justice may be impeded or thwarted."[8]

The government also points out that the legislative history makes clear the congressional intent to elaborate on the protections contained in the obstruction of justice statute, 18 U.S.C. § 1503. Section 1503 contains a general admonition, the applicable part of which is "Whoever ... corruptly, or by threats or force ... endeavors to influence, obstruct, or impede, the due administration of justice" shall be guilty of the crime of obstruction of justice. According to the government's argument, the legislative history indicates that section 1512 was designed for the same purpose as section 1503, although section 1512 covers more specific criminal possibilities.[9] Courts have so held. *United States v. Lester,* 749 F.2d 1288, 1292–95 (9th Cir.1984); *United States v. Wesley,* 748 F.2d 962, 964–65 (5th Cir. 1984), *cert. denied,* 471 U.S. 1130, 105 S.Ct. 2664, 86 L.Ed.2d 281 (1985); *United States v. Hernandez,* 730 F.2d 895, 898–99 (2d Cir.1984).

In view of the obvious relationship between sections 1503 and 1512, what is authority for one also controls the other. Of the six circuits which have addressed the issue, five have held that a prosecution under section 1503 may be brought in the district where the judicial proceeding that the accused sought to obstruct is pending, even if the obstructing acts took place in a different district. *See United States v.*

---

**4.** The witness tampering statute provides in pertinent part:

(b) Whoever knowingly uses intimidation or physical force, or threatens another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

(1) influence, delay, or prevent the testimony of any person in an official proceeding;
....

shall be fined not more than $250,000 or imprisoned not more than ten years, or both.
....

(e) For the purposes of this section—

(1) an official proceeding need not be pending or about to be instituted at the time of the offense....

18 U.S.C. § 1512.

**5.** The defendant cites the following passage:

The scope of the offense should not be limited by concerns about the status of the victim as a

person who has testified or will be able to testify in court. Rather, the offense should be addressed to punishing the acts of intimidating or injuring a person because of his knowledge about the commission of a crime. Therefore Title II would include potential witnesses and informants, and would preclude a defense that the testimony the witness would give would not be admissible.

S.Rep. No. 532, 97th Cong., 2d Sess. 15 (1982), *reprinted in* 1982 U.S. Code Cong. & Admin. News 2515, 2521.

**6.** *Id.* at 2523.

**7.** *Id.* at 2525.

**8.** *Id.* at 2524.

**9.** *Id.* at 2520.

*Reed,* 773 F.2d 477, 484–86 (2d Cir.1985); *United States v. Johnson,* 713 F.2d 654, 658–59 (11th Cir.1983), *cert. denied,* 465 U.S. 1030, 104 S.Ct. 1295, 79 L.Ed.2d 695 (1984); *United States v. Kibler,* 667 F.2d 452, 454–55 (4th Cir.), *cert. denied,* 456 U.S. 961, 102 S.Ct. 2037, 72 L.Ed.2d 485 (1982); *United States v. Barham,* 666 F.2d 521, 523–24 (11th Cir.), *cert. denied,* 456 U.S. 947, 102 S.Ct. 2015, 72 L.Ed.2d 470 (1982); *United States v. Tedesco,* 635 F.2d 902, 904–06 (1st Cir.1980), *cert. denied,* 452 U.S. 962, 101 S.Ct. 3112, 69 L.Ed.2d 974 (1981); *United States v. O'Donnell,* 510 F.2d 1190, 1192–95 (6th Cir.), *cert. denied,* 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975).

Holding to the contrary is *United States v. Swann,* 441 F.2d 1053 (D.C.Cir.1971), which influenced this court's prior decision in *Nadolny,* a case of first impression at the time. *Nadolny* undertook to determine whether an alleged violation of 18 U.S.C. § 1510, which has since been amended and supplanted, could be brought in a district other than the one in which the defendant was alleged to have beaten the victim. The choice was between two adjacent districts in Illinois: the district in which the investigation was being conducted or the district in which the alleged beating took place. This court "with great reluctance" held that the case had to be reversed, because venue was proper only where the assault had occurred. 601 F.2d at 942. The reasoning in *Swann* was prominently relied upon along with constitutional, statutory, and rule construction grounds. *Nadolny* held that the gravamen of the offense was the beating, not the proceeding sought to be impeded, in *Swann* a choice between Maryland where the assault took place and the District of Columbia where the affected proceeding was pending. 601 F.2d at 942–43.

*Nadolny* may be distinguished on the basis that the unamended section 1510 was dffferent from either of the present sections 1503 or 1512. Formerly its thrust was to punish a defendant who had already assisted an investigation, rather than having an impact on an ongoing investigation as in the present case in which the victim was under grand jury subpoena. There is a statutory shift of emphasis from the assault itself to the grand jury investigation. We view the assault in the present case not just as an assault upon an individual victim but as an assault upon the grand jury sitting in the Northern District of Illinois and upon the judicial process. The court in *Nadolny* was aware of this distinction, citing *United States v. O'Donnell,* 510 F.2d 1190 (6th Cir.), *cert. denied,* 421 U.S. 1001, 95 S.Ct. 2400, 44 L.Ed.2d 668 (1975) (holding prosecution for obstruction of justice properly held in district where affected judicial proceeding was pending), but found *Swann* more persuasive. 601 F.2d at 942.

Since the *Nadolny* court relied on *Swann,* which was a section 1503 prosecution, and *Swann* is inconsistent with our reading of section 1512 in its relationship to section 1503, we shall not rely upon the distinctions and shall depart from our prior holding in *Nadolny.*[10]

There is ample venue analogy to be found in relation to other statutes. *Travis v. United States,* 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1961) (a distinction is made under 18 U.S.C. § 1001 between mailing a document with a false statement and the actual receipt and filing of the document by the Department of Labor); *Burton v. United States,* 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057 (1906) (federal mail fraud prosecution may be brought where fraudulent letter is received, not where mailed); *United States v. Kilpatrick,* 458 F.2d 864 (7th Cir.1972) (an aider and abettor who may be prosecuted as a principal under 18 U.S.C. § 2 may be prosecuted in the district where the crime abetted was perpetrated even though the abettor abetted elsewhere). This venue flexibility is apparent also in *United States v. Brown,* 739 F.2d 1136 (7th Cir.), *cert. denied,* 469 U.S. 933, 105 S.Ct. 331, 83 L.Ed.2d 268 (1984) in which we considered a prosecution

---

10. Pursuant to Circuit Rule 40(f) this opinion has been circulated among all judges of this court in regular active service because it over- rules a prior opinion of this court. No judge voted to hear the matter *en banc.*

under the general conspiracy statute, 18 U.S.C. § 371 (1982):

> Proper venue is not limited to districts where the defendants were physically present when they committed unlawful acts. So long as an overt act in furtherance of the conspiracy is intended to have an effect in the district where the case is finally brought, venue is proper.

*Brown*, 739 F.2d at 1148.

We are, therefore, breaking no new ground in holding that venue under 18 U.S. C. § 1512 lies in the district where the affected judicial proceeding is being conducted.[11] Circuit Rule 36 shall not apply.[12]

REVERSED AND REMANDED.

---

**11.** We need not determine for the purposes of this case whether a section 1512 prosecution might also be brought in the district in which the assault occurred. It is undisputed that the assault may also have been a violation of a Florida statute prosecutable by local authorities in that state.

**12.** Frederick was well represented by the Public Defender and we acknowledge the assistance to the Public Defender by Margit Hunt, Law Student, University of Virginia Law School.