The UNITED STATES of America

v.

Mark MANFREDI.

No. HCR 91–90.

United States District Court,
N.D. Indiana,
Hammond Division.

April 10, 1992.

Ronald J. Kurpiers, II, Asst. U.S. Atty., Dyer, Ind., for plaintiff.

Michael B. Nash, Chicago, Ill., for defendant.

## ORDER

MOODY, District Judge.

Before the court is defendant's Motion to Dismiss Counts 2, 3, 4, and 5 [of the Indictment], filed April 9, 1992. The government responded on April 10, 1992, and defendant replied on the same day. Defendant argues that Counts two through five of the Indictment should be dismissed for improper venue. The Indictment in those five counts charges defendant with perjury under 18 U.S.C. § 1621, and defendant asserts that venue in the Northern District of Indiana is improper under Federal Rule of Criminal Procedure 18, because the alleged acts of perjury occurred in the Northern District of Illinois, in Chicago, Illinois to be specific.[1] The government does not dispute the fact that the alleged acts of perjury occurred in Chicago; it simply states that, nevertheless, venue is proper in this district. The court agrees with the government, and therefore, the court DENIES defendant's Motion to Dismiss.

The perjury charges in this case involve allegedly false statements made during a deposition of defendant by the Securities and Exchange Commission ("SEC"). The SEC deposed defendant in connection with a civil case that is still pending in this district. The civil action is *SEC v. James Simpson, Richard Holiusa, Donald Swanson, Certified Commodities, Inc., Certified Precious Metals, Inc., and Levitan Investment Management Corp.,* Cause No. H88–0212, and it involves the same allegations of securities fraud as that which forms the basis of the conspiracy charge in Count One of the Indictment in this case. Therefore, there is no doubt that the testimony contained in defendant's deposition is related to the charge of conspiracy contained in Count One of the Indictment. The only problem is that the perjury actually took place in Illinois, while the conspiracy for which defendant is also charged allegedly took place in Indiana.

Federal Rule of Criminal Procedure 18 states that "[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed." Moreover, Congress did not include a venue provision in the federal statute governing the perjury charges, 18 U.S.C. § 1621. Rule 18, therefore, would seem to dictate that defendant must be prosecuted for the alleged perjury in the Northern District of Illinois, and that the Indictment in this case with regard to Counts Two through Five is improper. The caselaw, though, states otherwise.

Under these circumstances, caselaw holds that venue is proper in either the district in which the defendant actually committed the act of perjury or in the district in which the affected proceeding is pending. *United States v. Reed,* 773 F.2d 477, 483 (2nd Cir.1985); *accord United States v. Chappell,* 854 F.2d 190, 193 (7th Cir.1988) (agrees with *Reed's* analysis and conclusion); *see also United States v. Frederick,* 835 F.2d 1211, 1215 (7th Cir. 1987) (venue under obstruction of justice statute, 18 U.S.C. § 1512, proper in either district where actual act occurred or in district where affected proceeding taking place), *and United States v. Gonzalez,* 922 F.2d 1044, 1055 (2nd Cir.1991) (same).[2]

---

**1.** There is no dispute that Count One of the Indictment, which charges defendant with conspiracy to defraud in violation of 18 U.S.C. § 1344, is properly before this court.

**2.** It is true that the circuits are split over this

■ The Second Circuit based its decision in *Reed* on an in depth analysis of the intent behind 18 U.S.C. § 1623. The court found that one of the main purposes in designing the perjury statute was the "deterrence [of] perjurious testimony in pending proceedings." *Reed,* 773 F.2d at 483. From that, the court came to the conclusion that "[t]his concern over the effect of perjury in proceedings ancillary to pending parent proceedings ... supports [the] view that venue is proper in either location." *Id.* In other words, the perjury is "inextricably bound" to the parent proceedings, so that to separate the trial of the perjury charge from that of the related charge would only undermine the very purpose of 18 U.S.C. § 1623. *Id.*

The Second Circuit then adopted and applied to the perjury count what it calls the "substantial contacts rule." *Id.* at 481. This rule "takes into account a number of factors [including] the site of the defendant's acts, the elements and nature of the crime, the locus of the effect of the criminal conduct, and the suitability of each district for accurate factfinding." *Id.* The court found that these factors, when analyzed in conjunction with the intent of 18 U.S.C. § 1623, "lead[ ] to the conclusion that perjury in one district in a proceeding ancillary to a proceeding in another district may be prosecuted in either." *Id* at 483.

The Court of Appeals for the Seventh Circuit found the *Reed* decision to be sound. In *Chappell,* the Seventh Circuit agreed that a "substantial contacts" test for resolving venue problems is appropriate under certain circumstances.[3] *Chappell* concerned a defendant's failure to appear pursuant to a court order in violation of 18 U.S.C. § 3150. *Chappell,* 854 F.2d at 191. The issue was where venue should lie: in the district where the defendant failed to

appear, or in the district from which the court issued the order. The court utilized the "substantial contacts" test of *Reed,* and concluded that venue was proper in either of those districts. *Id.* at 193.

Defendant argues that the *Reed* decision is not controlling in this case, because defendant is charged under 18 U.S.C. § 1621, whereas, the defendant in *Reed* was charged under 18 U.S.C. § 1623. According to defendant, the wording of the two statutes is significantly different. § 1621 applies to false statements made subsequent to the taking of an oath, while § 1623 applies to false statements made before court or grand jury proceedings. Based on this difference, defendant argues that, unlike under § 1623, Congress intended venue under § 1621 to remain true to the literal meaning of Rule 18, i.e., that prosecutions thereunder must take place in the district in which the acts of perjury occurred and not elsewhere.

Defendant's argument, though, ignores the obvious similarity between offenses under 18 U.S.C. § 1621, and offenses under 18 U.S.C. § 1623. Both statutes criminalize the act of perjury, and their only difference is where that perjury actually takes place, and the level of specificity as to the nature of the perjury covered. The effect, though, of the acts of perjury covered by the two statutes remains the same. Perjury whether it occurs during a deposition or a court or grand jury proceeding hinders the effective resolution of ancillary and/or parent proceedings, as well as government investigations into other crimes. Thus, the intent behind the two statutes is one and the same, and the analysis in *Reed* as to what effect that intent has on questions of venue should apply with equal force to prosecutions under § 1621.

issue. For example the Court of Appeals for the District of Columbia continues to abide by the straightforward mandate of Rule 18, holding that a defendant must be prosecuted in the district where the act occurred, regardless of what the effect might be on proceedings in other districts. *See United States v. White,* 887 F.2d 267, 272 (D.C.Cir.1989); *United States v. Swann,* 441 F.2d 1053 (D.C.Cir.1971). Nevertheless, this court must follow the direction taken

by the Court of Appeals for the Seventh Circuit, and that circuit, though not yet directly, has adopted the more flexible approach to the venue question enunciated by the Court of Appeals for the Second Circuit in *Reed. Chappell,* 854 F.2d at 193.

**3.** The Seventh Circuit has not yet ruled directly on the issue of venue under 18 U.S.C. § 1623.

The similar treatment to be given to 18 U.S.C. § 1621 and § 1623 is no different than that already given to 18 U.S.C. § 1503 and § 1512. *Frederick*, 835 F.2d at 1213. In *Frederick*, the Seventh Circuit held that the law on venue governing § 1503 also governs § 1512, because both statutes criminalize common acts, tampering of witnesses, and the only difference between the two statutes is the specificity of the offenses covered. *Id.* The court then went on to hold that venue under § 1512 is proper either in the district where the actual act of witness tampering occurs or in the district in which the affected proceedings are pending. *Id.* at 1215. In fact, subsequent to the court's decision in *Frederick*, Congress amended 18 U.S.C. § 1512, to include a venue provision allowing a prosecution "under this section *or section 1503*" in either district. 18 U.S.C. § 1512, as amended in 1986 (emphasis added); *United States v. Gonzalez*, 922 F.2d 1044, 1055 (2nd Cir. 1991).

Therefore, the court rejects defendant's argument that the law governing venue under 18 U.S.C. § 1621 is different than that governing venue under 18 U.S.C. § 1623. The "substantial contacts" test as applied to the perjury charges in *Reed* applies to the perjury charges contained in the Indictment in this case. Moreover, upon an application of that test to the facts of this case, it is clear that venue over the perjury counts in this case is proper either in the district where defendant committed the alleged acts of perjury, the Northern District of Illinois, or in the district where the affected, parent proceedings are pending, the Northern District of Indiana.

■ "[T]he acts constituting the crimes charged [in the Indictment clearly] implicate more than one location," and in such a situation, "the constitution does not command a single exclusive venue." *Chappell*, 854 F.2d at 193, *quoting Reed*, 773 F.2d at 481. Defendant is charged with conspiring to defraud a federally chartered financial institution, located in Indiana. The conspiracy charge is the result of an SEC investigation into an investment scheme that involved certain investment companies that are named as defendants in the parallel civil proceeding pending in this district. The SEC took defendant's deposition in Chicago for the purpose of aiding this investigation. Defendant was asked about his involvement with those investment companies, and his answers not only form the basis for the perjury charges, but also, they more than likely supplied the government with a reason to pursue the conspiracy charge.

Therefore, the crimes of conspiracy and perjury in this case are "inextricably bound," *Reed*, 773 F.2d at 483, and venue over them should be based in the same district. The court further concludes that that district should be the Northern District of Indiana, not the Northern District of Illinois. Both the civil and criminal actions stemming from the SEC's investigation are located in this district. It is only natural that the perjury charges that so affected these parent proceedings should be tried here too.

For the foregoing reasons, the court HOLDS that Counts Two through Five of the Indictment shall not be dismissed, and that venue over them properly lies in this district. Accordingly, the court DENIES defendant's Motion to Dismiss Counts 2, 3, 4, and 5.

SO ORDERED.