In the

# United States Court of Appeals

## For the Seventh Circuit

No. 00-3444

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ROBERT J. RINGER,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP-00-41-CR-B/F—**Sarah Evans Barker**, *Judge.*

ARGUED APRIL 16, 2002—DECIDED AUGUST 8, 2002

Before CUDAHY, COFFEY, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Robert J. Ringer appeals his
18 U.S.C. § 1001 conviction for making false statements
to federal officers. At trial, Ringer moved for a judgment
of acquittal, arguing that venue was improper in the
Southern District of Indiana. The district court denied
this motion, finding that venue was proper. In this direct
appeal, Ringer argues that he did not waive his right to
claim improper venue and appeals the district court's or-
der denying his motion for acquittal. For the reasons giv-
en below, we affirm the district court and uphold Ringer's
conviction.

## I. BACKGROUND

Ringer was arrested for accepting delivery of approximately 295 pounds of marijuana and indicted on a charge of conspiracy to possess with intent to distribute marijuana. He agreed to plead guilty and provide drug trafficking information about other individuals in exchange for a government motion requesting a lesser sentence. During several debriefing sessions with the government, Ringer informed law enforcement agents of the drug trafficking activities of three friends. A federal agent followed up on Ringer's information and confirmed these initial statements. Ringer pled guilty as charged and was sentenced to 46 months' imprisonment, 14 months less than the 60-month mandatory minimum sentence.

While preparing to indict Ringer's friends, federal agents traveled to the federal prison in Manchester, Kentucky, where Ringer was serving his sentence, to reconfirm the information Ringer provided earlier. Instead of confirmation, Ringer recanted his previous statements and disavowed any knowledge of his friends' drug trafficking activities. He also said that he would testify to whatever the agents wished, nullifying his value as a government witness. Without his crucial testimony, the government had to drop the grand jury proceedings against Ringer's friends.

Ringer was then indicted in the Southern District of Indiana with making a false statement to federal officers. During his trial, Ringer filed a motion for acquittal due to improper venue at the close of the government's case. He argued that the government proved that he made false statements in the Eastern District of Kentucky but not in the Southern District of Indiana. The district court denied Ringer's motion and he was found guilty by a jury.

## II.  ANALYSIS

Ringer appeals the district court's denial of his motion for judgment of acquittal due to improper venue, which we review de novo. *See United States v. Blassingame*, 197 F.3d 271, 284 (7th Cir. 1999). On appeal, we must determine whether the government proved by a preponderance of the evidence that the crimes occurred in the district charged, viewing the evidence in the light most favorable to the government. *See United States v. Ochoa*, 229 F.3d 631, 636 (7th Cir. 2000).

### A.  Waiver

The government argues that Ringer waived his venue challenge because he did not object until the conclusion of the government's case. A claim of improper venue is waived if the issue is apparent on the face of the indictment and an objection is not made before the close of the government's case. *See United States v. Brandon*, 50 F.3d 464, 469 (7th Cir. 1995); *United States v. John*, 518 F.2d 705, 708 (7th Cir. 1975). However, if the indictment does not provide notice of a possible defect in venue and the government rests without proving that the crimes occurred in the district charged, the defendant may then file a venue objection in a motion for acquittal. *See Brandon*, 50 F.3d at 469; *John*, 518 F.2d at 709.

Ringer's indictment charged that "in the Southern District of Indiana, and elsewhere," he "did knowingly and willfully make a false, fraudulent, and fictitious material statement and representation . . . in violation of Title 18, United States Code, Section 1001." According to Ringer, the indictment's open-ended geographic scope gave no hint of a venue problem and the government's failure to present statements made in the Southern District of Indiana was not apparent before the government put forward its case. Therefore he claims that he was not

put on notice through the indictment of a possible venue problem. We agree and find that he did not waive his right to challenge venue because after the government rested, he properly objected in his motion for acquittal. *See John*, 518 F.2d at 709.

B.  Improper Venue

Ringer argues that according to the general venue rule, venue is only proper in the Eastern District of Kentucky because that is where the false statements were uttered, and therefore, where they were "begun, continued, or completed," in the words of 18 U.S.C. § 3237(a), the venue statute. *See United States v. Cabrales*, 524 U.S. 1, 6-7 (1998). He also asserts that the continuing offense theory, the exception to the general venue rule, does not apply because the statements were completed in Kentucky. Finally, Ringer contends that when determining venue, we should not look to where the offense's effects were felt. We disagree.

Ringer was charged with making false statements in violation of 18 U.S.C. § 1001, which requires proof that he (1) made a statement; (2) that was false; (3) that was material; (4) that was made knowingly and willingly; and (5) that concerned a matter within the jurisdiction of a federal department or agency. *See United States v. Hoover*, 175 F.3d 564, 571 (7th Cir. 1999). Section 1001 does not contain a venue provision; instead the general venue provisions of 18 U.S.C. § 3237(a) are used. *See United States v. Ospina*, 798 F.2d 1570, 1577 (11th Cir. 1986). Section 3237(a) states that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

In this case, Ringer made false statements while incarcerated in a federal prison in Manchester, Kentucky. He claims that the false statements began, continued, and were completed in the Eastern District of Kentucky. Therefore, according to § 3237, venue is only proper in Kentucky, even though the statements affected proceedings in Indiana. Ringer further argues that the continuing offense theory[1] does not apply to his situation because the acts comprising the alleged crime began, continued, and were completed only in the Eastern District of Kentucky. Although we agree that when Ringer made false statements, he never left Kentucky, it does not follow that what transpired in Indiana is irrelevant for venue purposes.

The district court relied on *United States v. Frederick*, 835 F.2d 1211 (7th Cir. 1987), to guide its decision finding that venue was proper in the Southern District of Indiana. In *Frederick*, the defendant threatened a witness in the Southern District of Florida if the witness testified to certain information at trial in the Northern District of Illinois. *See id.* at 1212. We held that venue was proper in the Northern District of Illinois, *i.e.* the district where the affected judicial proceeding was, since "[p]roper venue is not limited to districts where the defendants were physically present when they committed unlawful acts. So long as an overt act . . . is intended to have an effect in the district where the case is finally brought, venue is proper." *Id.* at 1215. Ringer points out, correctly, that the witness-tampering statute in *Frederick* specifically refers to a judicial proceeding, distinguishing witness-

---

[1] Venue for continuing offenses is proper in any of the districts where part of the crime was committed. *See United States v. Tingle*, 183 F.3d 719, 726 (7th Cir. 1999). The continuing offense theory only applies to crimes with "distinct parts" or that involve "a continuously moving act." *Travis v. United States*, 364 U.S. 631, 636 (1961).

tampering cases from the geographically unspecific. 18 U.S.C. § 1001. Despite this lack of specificity, however, we find venue was proper in the Southern District of Indiana because events took place there which were critical to proving the elements of the false statements case against Ringer.

As described above, one of the elements of an 18 U.S.C. § 1001 offense is materiality of the statement. As with all other elements, materiality must be proven to a jury beyond reasonable doubt. *See United States v. Gaudin*, 515 U.S. 506, 522-23 (1995). Ringer admits that his statements may have affected judicial proceedings in Indiana. However, he argues that the effect on the Indiana investigation has no bearing on venue because where the harm occurs is not an element of the crime to be proved.[2] That the government does not have to prove that a proceeding was affected, however, does not mean that the Indiana investigation was irrelevant. Proving that the investigation was reasonably likely to be affected by Ringer's statements was the keystone to materiality in this case. If the investigation continued and indictments were handed down against Ringer's friends despite his attempts to frustrate the investigation, Ringer would surely be here arguing that his statements were not material,

---

[2] If Ringer had decided to welsh on his agreement with the government via mail, this case would be much more clear-cut, since it is well-established that false statement prosecutions can be brought in the district where a letter containing the false statement is received, *see*, *e.g.*, *Cabrales*, 524 U.S. at 9 (citing cases); *Travis v. United States*, 364 U.S. 631 (1961); *United States v. Barsanti*, 943 F.2d 428, 434 (4th Cir. 1991); *United States v. Candella*, 487 F.2d 1223, 1228 (2d Cir. 1974), and to a lesser extent where a listener is located during a telephone call containing a false statement. *See*, *e.g.*, *United States v. Stephenson*, 895 F.2d 867, 875 (2d Cir. 1990).

since the government was able to secure the indictments without his testimony.[3]

The Southern District of Indiana's strong link to Ringer's conduct makes it relevant to determining venue, not as an explicit geographic element, as in *Frederick*, but as a place where events took place that were necessary to establish materiality. Venue is only improper "if the only acts that occurred in that district do not provide evidence of the elements of the charged crime." *Ochoa*, 229 F.3d at 636 (interpreting *Cabrales*, 524 U.S. at 6-7). Since the halting of the investigation against Ringer's friends in the Southern District of Indiana was evidence of the materiality of Ringer's statements, venue was proper in the Southern District of Indiana.

## III. CONCLUSION

For the reasons stated above, the judgment of the district court is AFFIRMED.

---

[3] The importance of the Southern District of Indiana in establishing materiality also distinguishes Ringer's situation from that in *Cabrales*, a money laundering case where the transactions were made in Florida, while the attempted prosecution was conducted in Missouri, where the funds originated. In *Cabrales*, the conduct in Missouri took place before the money laundering began, and relying on the continuing offense theory, the Supreme Court determined that the offense was not "begun, continued, or completed," in the language of 18 U.S.C. § 3237(a). 524 U.S. at 8.

A true Copy:

     Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*