In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2480

UNITED STATES OF AMERICA,

*Plaintiff-Appellee.*

*v.*

JAVIER ZAMUDIO,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 11 CR 388—**Matthew F. Kennelly**, *Judge*.

SUBMITTED MAY 9, 2013—DECIDED JUNE 4, 2013

Before POSNER, MANION, and WOOD, *Circuit Judges*.

POSNER, *Circuit Judge*. This case is a sequel to *United States v. Gutierrez-Ceja*, 711 F.3d 780 (7th Cir. 2013), a case of unauthorized enhancement of punishment by the sentencing judge of a felon who is not a U.S. citizen; the defendant in the present case is also a noncitizen felon.

The judge in *Gutierrez-Ceja* had imposed a number of post-release restrictions on the defendant that would have been lawful only if they had been conditions

of supervised release—and the judge had not ordered supervised release. One of those conditions, however—that upon release from prison at the end of his term "the defendant is to be surrendered to a duly authorized official of the Department of Homeland Security for a determination on the issue of deportability" and "if ordered deported, the defendant shall not re-enter the United States without" authorization in advance—we did not discuss because it had not been objected to. 711 F.3d at 782. The judgment in this case, under the heading "additional imprisonment terms," similarly states that the "defendant is to be turned over to the proper immigration authorities for deportation proceedings upon completion of term of incarceration. If deported, defendant is to remain outside the United States and is not to return without the written consent of the Secretary of the U.S. Department of Homeland Security."

In neither case was the "additional imprisonment term" authorized. Federal judges may impose restrictions on a defendant, effective after he completes the prison term to which the judge sentenced him, only as conditions of supervised release. That includes restrictions related to immigration: "if an alien defendant is subject to deportation, the court may provide, *as a condition of supervised release*, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation." 18 U.S.C. § 3583(d) (emphasis added).

Congress later clarified that only an immigration judge may order deportation, or removal as it is now

called, 8 U.S.C. § 1229a(a)(3), unless the prosecutor and immigration officials request that the district judge hold a removal hearing, § 1228(c), a request not made either in this case or in *Gutierrez-Ceja*. A district judge may order, as a condition of supervised release, that a defendant be turned over to immigration officials for removal proceedings. See *United States v. Romeo*, 122 F.3d 941, 943-44 (11th Cir. 1997). But if there is no order of supervised release—and in neither this case nor *Gutierrez-Ceja* was there such an order—the imposition of such a condition is *ultra vires*.

The imposition is anyway gratuitous, in this case as in *Gutierrez-Ceja*, in light of a recent amendment to the sentencing guidelines which states that the sentencing "court ordinarily should not impose a term of supervised release in a case in which supervised release is not required by statute and the defendant is a deportable alien who likely will be deported after imprisonment." U.S.S.G. § 5D1.1(c). (Notice the correct assumption that the imposition of an additional punishment term on a deportable alien requires an order of supervised release.) When the Department of Homeland Security is informed (for example by the probation service) that an inmate may be subject to removal, it tries to hold removal proceedings before the inmate is released, so that he can be removed with no break in detention. "The identification and processing of incarcerated criminal aliens, before release from jails and prisons, decreases or eliminates the time spent in [DHS] custody and reduces the overall cost to the Federal Government." Department of Homeland Security, Im-

migration and Customs Enforcement, "Criminal Alien Program," www.ice.gov/criminal-alien-program; Andrea Guttin, *The Criminal Alien Program: Immigration Enforcement in Travis County, Texas*, Immigration Policy Center (Feb. 2010), pp. 4-5, www.immigrationpolicy.org/sites/default/files/docs/Criminal_Alien_Program_021710.pdf (both websites were visited on May 12, 2013). The Department can also issue a detainer, requesting that the Bureau of Prisons release the inmate into the custody of immigration officials. 8 C.F.R. § 287.7. Neither of these procedures requires an order by the district judge.

In comment 5 to the new guideline amendment, we read that "the court should, however, consider imposing a term of supervised release on such a defendant if the court determines that it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." Many district judges regularly make such findings, see, e.g., *United States v. Becerril Peña*, No. 11-11171, 2013 WL 1845587, *2 (5th Cir. May 2, 2013)—a questionable practice in light of the Sentencing Commission's remark that imposing supervised release on a removable defendant is both unnecessary and undesirable. Amendment 756, U.S.S.G. App. C Supp., p. 410 (2011). (It would for example burden probation officers.) There is no suggestion either in the judgment in this case or in the sentencing transcript of any need for that added measure of deterrence and protection with respect to this defendant; and to repeat, that "added measure" could be ordered only as a condition of supervised release.

There clearly is no need for the "added measure" in this case, because the defendant is an aggravated felon, as a result of previous felony convictions for robbery. See 8 U.S.C. §§ 1101(a)(43)(F), (G). An aggravated felon who is an alien is removable upon the completion of his prison sentence, § 1227(a)(2)(A)(iii), and the removal proceedings must be begun and if possible completed before the end of his prison term and if they are not completed he must be detained until then. See 8 U.S.C. §§ 1226(c)(1)(B), 1228(a)(1)-(2), (3)(A). We have difficulty imagining, in light of these provisions, what purpose would be served by the sentencing judge's ordering the defendant upon completion of his prison term to be turned over to the immigration authorities—he will be anyway. Such an order would be needed only when there was reason to think that the defendant would somehow evade the rules governing aliens who are adjudged to be aggravated felons. There is no suggestion of any such danger in this case.

There is no other merit to the appeal, so we grant the *Anders* motion and dismiss the appeal except with respect to the additional punishment term, which (as in *United States v. Gutierrez-Ceja*, *supra*, 711 F.3d at 784) is stricken.

SO ORDERED.

6-4-13