In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-3603

UNITED STATES OF AMERICA,

*Plaintiff-Appellant*,

*v.*

WILLIAM PATRICK CLARK,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 11 CR 30236—**G. Patrick Murphy**, *Judge.*

ARGUED APRIL 5, 2013—DECIDED JULY 23, 2013

Before EASTERBROOK, *Chief Judge,* and FLAUM and
WOOD, *Circuit Judges.*

WOOD, *Circuit Judge.* A grand jury sitting in
the Southern District of Illinois returned an indictment
charging William Patrick Clark, the owner and president
of a company based in East St. Louis, Illinois, with
making false statements in violation of 18 U.S.C.
§ 1001(a)(3). Clark's company had entered into a
hauling services subcontract with Gateway Constructors,

a general contractor in charge of a federally funded highway improvement project in nearby St. Louis, Missouri. Federal law requires that employers pay laborers working on certain federally-funded projects a "prevailing wage," a figure calculated by the Secretary of Labor "based on the wages [earned by] corresponding classes of [workers] employed on projects of a similar character" in a given area, and that contractors maintain payroll records demonstrating prevailing wage compliance. See 40 U.S.C. § 3142(b); 29 C.F.R. Pts. 1 & 3. According to the indictment, Clark submitted false payroll records and a false affidavit to Gateway Constructors, representing that his employees were paid $35 per hour, when in fact they received only $13 or $14 per hour.

Clark moved to dismiss the indictment for improper venue, arguing that "when a false document is filed under a statute that makes the filing of the document a condition precedent to the exercise of federal jurisdiction, venue is proper only in the district where the document was filed for final agency action." Here, Clark contends, venue is proper only in the Eastern District of Missouri, where Gateway Constructors is based. The government countered that venue is proper in the Southern District of Illinois, because that is where the indictment alleged that Clark created the false payroll records and signed the affidavit. The district court accepted Clark's argument and dismissed the indictment without prejudice. We reverse.

**I**

Clark was charged with ten counts of violating 18 U.S.C. § 1001(a)(3), which makes it unlawful knowingly and willfully to "make[] or use[] any false writing or document" in connection with a "matter within the jurisdiction of the executive . . . branch of the Government of the United States." Nine of the counts are based on certified payroll records that Clark submitted to Gateway Constructors; the tenth concerns an affidavit that Clark later emailed to Gateway Constructors, assuring the contractor that Clark complied with the relevant labor standards on the project. All of the documents, the indictment alleges, were "made" in St. Clair County, Illinois, within the Southern District of Illinois. We accept these factual allegations as true in assessing a pre-trial motion to dismiss an indictment for improper venue. See *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012).

Congress has provided that "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). The parties do not dispute that Section 1001 lacks a separate venue provision, or that 18 U.S.C. § 3237 applies. See FED. R. CRIM. P. 18; *United States v. Ringer*, 300 F.3d 788, 791 (7th Cir. 2002). The sole question here is whether the ten false-statement offenses outlined in the indictment were "begun, continued, or completed" in the Southern District of Illinois.

When Congress has not specifically defined where a crime should be deemed to have occurred, "the *locus*

*delicti* [of the charged offense] must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Tingle*, 183 F.3d 719, 726 (7th Cir. 1999) (quoting *United States v. Cabrales*, 524 U.S. 1, 5 (1998)). This court has endorsed the "verb test" as a guide for this inquiry: "we examine the key verbs in the statute defining the criminal offense to find the scope of relevant conduct." *United States v. Muhammad*, 502 F.3d 646, 652 (7th Cir. 2007) (quoting *United States v. Georgacarakos*, 988 F.2d 1289, 1293 (1st Cir. 1993)). Verbs cannot be "the sole consideration" in assessing whether the constitutional venue guarantee has been satisfied, however, and venue may lie in a particular district even where rigid application of the "verb test" suggests that it should not. *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279 (1999); see also *Ringer*, 300 F.3d at 792 (rejecting argument that venue for false statement prosecution is proper *only* in district where false statements were uttered).

The "key verbs" in the false statements statute under which Clark has been charged are "make" and "use." 18 U.S.C. § 1001(a)(3). The indictment alleges that Clark "made and used" (and "caused to be made and used") false writings and documents within the Southern District of Illinois, and for present purposes, we accept these allegations as true. While venue might also be proper in some other district, see *Muhammad*, 502 F.3d at 653-54, the "verb test" supports a finding that conducting Clark's trial in the Southern District of Illinois is consistent with Section 3237(a) and the Constitution. See U.S. CONST. art. III, § 2, cl. 3 and amend. VI.

The district court thought otherwise. It reasoned that, because no federal offense occurs "until such time as the general contractor . . . submit[s] those [documents] to the federal government for payment," the Southern District of Illinois was an improper venue. The parties have not challenged this interpretation of Section 1001. But see *United States v. Petullo*, 709 F.2d 1178, 1180 (7th Cir. 1983) ("A false statement may fall within section 1001 even when it is not submitted to a federal agency directly and the federal agency's role is limited to financial support of a program it does not itself directly administer. In such cases, the necessary link . . . is provided by the federal agency's retention of the ultimate authority to see that the federal funds are properly spent."). Even if the *completion* of a Section 1001(a)(3) offense requires the submission of false documents to federal authorities, however, it does not follow that the making of the false documents cannot constitute the *beginning* of the offense. Indeed, 18 U.S.C. § 3237(a) is predicated on the assumption that, for certain offenses, the district in which an offense is "begun" will not be the district in which is it "continued" or "completed." 18 U.S.C. § 3237(a). Clark cites numerous cases supporting his argument that venue lies "in the jurisdiction affected by the offense," even if the false statements were not made there. See, *e.g.*, *Ringer*, 300 F.3d at 791-92. That may be so, but the fact that venue is proper in another district is neither here nor there: Clark's authorities do not stand for the proposition that venue can exist in one and only one place. That mistaken assumption—that the Constitution "fix[es] a single

proper situs for trial"—is an "[a]nalytical flaw [that] has plagued analysis in this area." *Muhammad*, 502 F.3d at 653 (quoting *United States v. Reed*, 773 F.2d 477, 480 (2d Cir. 1985)). Perhaps we can put it to rest with this decision.

The only contrary authority that Clark has identified is *Travis v. United States*, in which the Supreme Court held that venue lay only in the District of Columbia for an indictment charging a labor union official with making and filing false non-Communist affidavits with the National Labor Relations Board. 364 U.S. 631 (1961). In a false statements case shortly after *Travis*, however, this court followed the lead of the Tenth Circuit and held that "*Travis* is not controlling and is limited to the statute there involved." *United States v. Ruehrup*, 333 F.2d 641, 643 (7th Cir. 1964) (citing *Imperial Meat Co. v. United States*, 316 F.2d 435, 440 (10th Cir. 1963)). *Travis*, however, does not support Clark's argument. After careful consideration of the statute involved, the Court determined that "[t]he locus of the offense ha[d] been carefully specified" by Congress, and accordingly, that 18 U.S.C. § 3237(a) was *not* applicable. *Id.* at 639. Here, in contrast, the parties agree that 18 U.S.C. § 3237(a) provides the appropriate venue rule. See *Ringer*, 300 F.3d at 790-91.

Prosecution in the Southern District of Illinois also is consistent with the important policy considerations animating the venue requirement. See *United States v. Johnson*, 323 U.S. 273, 276 (1944) ("Questions of venue in criminal cases . . . raise deep issues of public policy in the light of which legislation must be construed."). Clark

has not argued that trial in the Southern District of Illinois will subject him to "oppressive expenses, or . . . to the inability of procuring proper witnesses to establish his innocence." *United States v. Palma-Ruedas*, 121 F.3d 841, 861-62 (3d Cir. 1997) (Alito, J., dissenting) (quoting JOSEPH STORY, COMMENTARIES ON THE CONSTITUTION § 925 (Carolina Acad. Press 1987) (1833)). Nor has he suggested that it will create "needless hardship" or the "appearance of abuses . . . in the selection of what may be deemed a tribunal favorable to the prosecution." *Johnson*, 323 U.S. at 275. Although the effects of Clark's alleged wrongdoing may be felt somewhat more strongly in Missouri than in Illinois, we reject the argument that the Southern District of Illinois is an improper venue to try this case.

## II

Nothing that we have said should be taken as a suggestion that "actions [that] are merely preparatory or prior to the crime . . . are [] probative in determining venue." *Tingle*, 183 F.3d at 726. They are not. In this case, though, one can hardly characterize the making of a false writing or document as "merely preparatory" conduct when the offenses charged are "making a false writing or document." Rather, Clark committed in Illinois the very wrong that the statute proscribes. The "making" is an essential element that the government must prove beyond a reasonable doubt to secure a conviction. Accord *Ruehrup*, 333 F.2d at 643 ("Defendant prepared rough drafts of the statements in issue

[in Illinois]. A stenographer typed the statements and submitted them to defendant for approval. The stenographer deposited the statements in the mail. These events were the beginning of the offenses charged . . . .").

Accordingly, we REVERSE and REMAND for further proceedings.