NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 17, 2013
Decided October 18, 2013

**Before**

JOEL M. FLAUM, *Circuit Judge*

KENNETH F. RIPPLE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 12-3687

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Northern District of |
| | Illinois, Eastern Division. |
| *v.* | |
| | No. 09 CR 578 |
| JEFFREY ALAN LOWRANCE, | |
| *Defendant-Appellant*. | Charles R. Norgle, |
| | *Judge*. |

## O R D E R

For five years Jeffrey Lowrance ran a Ponzi scheme and convinced more than 400 investors to give him approximately $31 million to trade in foreign currencies. Most of the trades were fictional, and about half of the investors' funds were not returned.

Lowrance pleaded guilty to one count each of wire fraud, 18 U.S.C. § 1343, and money laundering, *id.* § 1956(a)(2). He was sentenced to 170 months' imprisonment and five years' supervised release on each count, to run concurrently. Lowrance filed a notice of appeal, but his appointed lawyer asserts that the appeal is frivolous and moves

to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Lowrance opposes counsel's motion. *See* Cɪʀ. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief and Lowrance's response. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Lowrance has told counsel that he does not want his guilty pleas set aside, and thus counsel appropriately omits discussion about the adequacy of the plea colloquy or the voluntariness of the pleas. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); United *States v. Knox*, 287 F.3d 667, 671–72 (7th Cir. 2002).

In his Rule 51(b) response, Lowrance does not dispute telling counsel that he stands by his guilty pleas. Lowrance contends, however, that counsel should be asserting that his convictions are void because, he says, venue over his crimes lies outside the Northern District of Illinois. Lowrance apparently believes that the indictment fails to allege venue over either crime and that, consequently, he is "actually innocent." Both counts of conviction allege, however, that the crime was committed in the Northern District of Illinois and elsewhere, and that allegation is adequate to allege venue. *See United States v. Knox*, 540 F.3d 708, 713–14 (7th Cir. 2008); *United States v. Ringer*, 300 F.3d 788, 790 (7th Cir. 2002). Moreover, because deficiencies in an indictment are not jurisdictional, *see United States v. Cotton*, 535 U.S. 625, 629–31 (2002); *United States v. Perez*, 673 F.3d 667, 670 (7th Cir. 2012), Lowrance's guilty pleas waived any claim that the indictment is defective, *see United States v. Adigun*, 703 F.3d 1014, 1018–19 (7th Cir. 2012). Like the validity of an indictment, a challenge to venue is waived by a guilty plea. *See Moore v. Olson*, 368 F.3d 757, 759–60 (7th Cir. 2004); *United States v. Brown*, 583 F.2d 915, 918 (7th Cir. 1978). Thus, the appellate claims Lowrance proposes would be frivolous.

In her *Anders* submission, counsel explains that she has not identified any basis to challenge the application of the sentencing guidelines, which resulted in an uncontested imprisonment range of 151 to 188 months. Neither has counsel identified any possible basis to contend that the district court committed a procedural error during the sentencing hearing, and accordingly the lawyer focuses on whether Lowrance could challenge the reasonableness of his prison sentence. The 170-month term the court imposed falls squarely within the guidelines imprisonment range and is presumed reasonable on appeal. *See Rita v. United States*, 551 U.S. 338, 352 (2007); *United States v. Boroczk*, 705 F.3d 616, 623 (7th Cir. 2013). Counsel concludes there is no reason to upset this presumption, and we agree.

What counsel has not noticed, however, is the length of time Lowrance will be on supervised release after imprisonment. Violations of §§ 1343 and 1956(a)(2) are punishable by up to 20 years imprisonment. (The exception, not applicable here, is wire fraud affecting a financial institution or involving funds authorized for disaster relief; in those instances the maximum penalty is 30 years. 18 U.S.C. § 1343.) Lowrance was correctly informed in his plea agreement and again during the plea colloquy that he faced up to 20 years on each count, and yet the probation officer—later joined by the lawyers for both parties—misadvised the district court that these crimes are Class B felonies when, in fact, they are Class C felonies. 18 U.S.C. § 3559(a)(2), (3). The parties' shared misunderstanding also led them to misadvise the court that on each count Lowrance could be given up to five years of supervised release instead of three. *See id.* §§ 3559(a)(3); 3583(b)(2); *United States v. Showalter*, 933 F.2d 573, 574 (7th Cir. 1991). The five-year terms imposed by the district court exceed the statutory maximum. And though in the *Anders* context we typically order briefing before correcting even plain errors, *see United States v. Gutierrez-Ceja*, 711 F.3d 780, 784 (7th Cir. 2013); *United States v. Eskridge*, 445 F.3d 930, 935 (7th Cir. 2006), we may dispense with briefing if the error is patent and the lawyer's *Anders* submission otherwise demonstrates that other potential issues would be frivolous. *United States v. Zamudio*, 718 F.3d 989, 991 (7th Cir. 2013); *Gutierrez-Ceja*, 711 F.3d at 783–84. That is true in this case. Accordingly, we MODIFY the judgment by reducing the terms of supervised release from five years to three and, with that change, GRANT counsel's motion to withdraw and DISMISS the appeal.